**In re Charles SIMMONS, Jr., a/k/a Chuck Simmons, Jr., Debtor.**

**GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff,**

**v.**

**Charles SIMMONS, Jr., Defendant.**

**Bankruptcy No. 3–81–00586.
Adv. No. 81–0175.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Aug. 27, 1981.

Gregory Pulles of Mackall, Crounse & Moore, Minneapolis, Minn., for plaintiff, General Motors Acceptance Corp.

Richard Nadler, St. Paul, Minn., for defendant, Charles Simmons, Jr.

JACOB DIM, Bankruptcy Judge.

The above entitled matter came on for a preliminary hearing before the Honorable Jacob Dim, Bankruptcy Judge, on June 30, 1981 to consider the complaint of GMAC for relief from the automatic stay under 11 U.S.C. § 362(d). The plaintiff sought the right to repossess the automobile of the debtor. In his answer, the debtor pled a counterclaim for violation of title 15, the Truth in Lending Act.

At the start of the hearing, the plaintiff moved to dismiss its complaint. According to the plaintiff's attorney, the equity cushion of the debtor based on the fair market value of the automobile was adequate protection provided the payments under the chapter 13 plan were made by the debtor.

The debtor indicated that the counterclaim still was pending, and the debtor wished to pursue its claim of violation. The court, *sua sponte* dismissed the counterclaim of the debtor.

The court bases its dismissal on three grounds: *de minimum non curate lex*; failure to state a claim; and the special nature of an adversary proceeding under 11 U.S.C. § 362 for relief from the automatic stay.

■ The counterclaim summarized briefly alleges that the plaintiff required the debtor to pay a state licensing fee of $18.00 as disclosed on the disclosure statement. The actual fee was $8.75. The plaintiff overcharged the debtor by $9.25. The debtor has also alleged the plaintiff's overcharge was a systematic and willful violation. The debtor has asked for statutory damages of $1,000.00 and punitive damages.

The debtor's counterclaim is based on an alleged violation of $9.25. It is not alleged that any other damages arose from the alleged violation. In support of his claim, the debtor has cited several cases from the Fifth Circuit. These cases hold that any divergence from totally accurate disclosure, no matter how insignificant, is a violation entitling the debtor to statutory damages.

This Court does not agree. The Truth in Lending Act was passed to correct a clearly recognized problem. Lenders were failing to disclose the total costs of borrowing thereby trapping unsuspecting borrowers. The court is cognizant of a borrower's rights under title 15 but a merely accidental or incidental error of such an inappreciable amount without more does not constitute a violation of the Truth in Lending Act.

■ The debtor's claim that the plaintiff's error was a willful and deliberate scheme to defraud the public is a mere conclusion. The debtor has not pled any facts which would indicate the plaintiff acted with any design to defraud or overcharge any party. The debtor has failed to state a claim upon which relief can be granted. The debtor can show only an accidental error of $9.25.

In two recent cases, the Supreme Court has indicated that too broad a reading of the scope of the provisions of the Truth in Lending Act must be rejected. The Court indicated that the Act must be read as Congress intended.

In *Anderson Bros. Ford v. Valencia,* —— U.S. ——, 101 S.Ct. 2266, 68 L.Ed.2d 783 (1981), the Court restricted the definition of security interest. The Court indicated that a right to receive unearned insurance premiums which the borrower had assigned to the lender was not a security interest under the Truth in Lending Act. The Court noted that Congress had not originally required disclosure of security interests at all and, when added, Congress intended to deal with security interests in the principal collateral in the transaction.

In *American Express Co. v. Koerner,* —— U.S. ——, 101 S.Ct. 2281, 68 L.Ed.2d 803

(1981), the Court dealt with the interpretation of the term "consumer" as applied in the Truth in Lending Act. The Court rejected the argument that the definition should include who was liable on the account as well as the primary purpose of the account.

In both of these cases, the Court restricted the application of the Truth in Lending Act to the purposes for which the Act had been passed rather than allowing its expansion to other circumstances.

█ Finally, the debtor has raised its claim as a responsive pleading to the complaint for relief from the automatic stay. 11 U.S.C. § 362 is the primary protection for debtors during the pending of the bankruptcy case. But it is a major interference with the rights of creditors. Because of this, Congress has provided for a special expedited procedure to allow the creditor to get relief from the stay. See, 11 U.S.C. § 362(d) and (e).

As a consequence of the special nature of these proceedings, this type of action must be limited to the issues raised under § 362. Allowing either party to raise extraneous issues would impair the rights of both the debtor and the creditor. It would impede the swift and certain determination of the imperative questions under § 362 and possibly constitute an infringement of the due process rights of the other party. The automatic stay cannot be used by the debtors as a sword and as a shield.

The debtor is not deprived of the right to pursue this claim under the Truth in Lending Act. If and when the debtor has facts sufficient to state a claim, the debtor may plead them. This Court does not have exclusive jurisdiction of Truth in Lending Act violations.

After the hearing but before the Court could reduce its decision to writing, the debtor moved to amend the findings and order of the Court as read into the record. The Court, in drafting the opinion, has considered and referred to the arguments raised by the debtor. There being nothing new, the order stands as issued and the debtor's motion is hereby denied.

Now Therefore, IT IS ORDERED that the complaint of the plaintiff, General Motors Acceptance Corporation, and the counterclaim of the debtor, Charles Simmons, are both hereby dismissed without prejudice.