In re Gary Logan BENNETT, SS # 525–01–4408, d/b/a Southwest Sales, a sole proprietorship, and Andrea Louise Bennett, SS # 526–60–0076, Debtors.

Oscar S. WYATT, Jr., Plaintiff and Counterdefendant,

v.

Gary Logan BENNETT, d/b/a Southwest Sales, a sole proprietorship, and Andrea Louise Bennett, his wife, Defendants, Counterclaimants and Third-Party Plaintiffs,

v.

Clinton MANGES, Third-Party Defendant.

Bankruptcy No. 81–01039 MA.
Adv. No. 81–0746.

United States Bankruptcy Court,
D. New Mexico.

Feb. 26, 1982.

James S. Starzynski, Albuquerque, N. M., Evelyn H. Biery, LeLaurin & Adams, PC, Stephen Parten, Law Offices of O'Neal Munn, San Antonio, Tex., for plaintiff and counterdefendant.

Oreste Louis Puccini, Jr., Albuquerque, N. M., for defendants, counterclaimants and third-party plaintiffs.

Douglas T. Francis, Albuquerque, N. M., for third-party defendant.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came on for hearing February 11, 1982, on the continuation of plaintiff's Complaint Seeking Modification of Automatic Stay, the plaintiff being present through counsel, James S. Starzynski, Evelyn H. Biery, and Stephen Parten, the defendant Gary Logan Bennett being present in person and through his counsel, Louis Puccini, Jr.

Plaintiff seeks relief from the automatic stay to allow continuation of judicial proceedings naming the defendant Gary Logan Bennett as a party which are taking place

in the United States District Court for the Western District of Texas, San Antonio Division, cause number SA–77–CA–357. Testimony indicates that proceeding with such litigation imposes substantial economic burden on the defendants and that resolution of the Texas matter is not likely to be prompt. This Court previously entered an order on January 11, 1982, modifying the automatic stay to allow a hearing on a motion for recusal pending in the Texas litigation. Said modification of the automatic stay shall remain in full force and effect.

■ The defendants assert a counterclaim in this matter which raises the same issues as in the Texas litigation, and have filed a third-party complaint as well. Legislative history to 11 U.S.C. § 362(e) states that:

At the expedited hearing under subsection (e), and at all hearings on relief from stay, the only issue to hear will be the claim of the creditor and the lack of adequate protection or existence of other cause for relief from stay. This hearing will not be the appropriate time at which to bring in other issues, such as counterclaims against the creditor on largely unrelated matters. Those counterclaims are not to be handled in the summary fashion that the preliminary hearing under this provision will be. Rather, they will be the subject of more complete proceedings by the trustees to recover property of the estate or to object to the allowance of a claim.

House Report No. 95–595, 95th Cong., 1st Sess. 344 (1977); *cf.* Senate Report No. 95–989, 95th Cong., 2d Sess. 53, 55 (1978), U.S. Code Cong. & Admin.News 1978, pp. 5787, 5839, 5841, 6300.

Matters raised extraneous to the issue of lifting the automatic stay, whether they be raised by a counterclaim, third-party complaint, or otherwise, therefore shall be dismissed from the main stay complaint and may be filed in separate proceedings. *General Motors Acceptance Corp. v. Simmons (In re Simmons)*, 13 B.R. 429, B.C.D., C.B. C.2d (Bkrtcy.D.Minn.1981); *Hoyt, Inc., v.*

*Born, G.C.R.E.A., Ltd., No. 12, v. Born, Kuehnert v. Born (In re Born)*, 10 B.R. 43, 7 B.C.D. 313, C.B.C.2d (Bkrtcy.S.D.Tex.1981).

Beside the fact that the defendants' third-party complaint and counterclaim raise extraneous issues, it appears to this Court from testimony presented that proceeding with the counterclaim and third-party complaint in this case would impose substantial costs on the defendants, albeit according to the testimony, not as costly as proceeding with the Texas litigation.

■ Although the defendants take inconsistent positions, that is, seeking to prevent further proceedings in the Texas litigation but to go forth with proceedings in New Mexico, this Court finds:

1. That in the best interests of the estate, the automatic stay shall remain in effect, as previously modified;

2. That the defendants' third-party complaint and counterclaim raised herein shall be dismissed; and

3. That the Court's not granting relief from stay at this time shall be without prejudice to any party raising the same issues after a hearing on a Chapter 11 plan, in the proper procedural manner.

The Court therefore concludes that the automatic stay as to the Texas litigation should remain in full force and effect, subject to this Court's previous order modifying said stay to allow hearing on a motion for recusal pending in those proceedings.

An appropriate order shall enter.

## ORDER

This matter came on for hearing February 12, 1982, on the continuation of plaintiff's Complaint Seeking Modification of Automatic Stay, and the Court having heard testimony and argument of counsel and being otherwise fully advised,

IT IS THEREFORE ORDERED that the automatic stay in relation to the litigation pending in the United States District Court for the Western District of Texas, San Antonio Division, cause number SA–77–CA–357, be, and the same hereby shall, remain

in full force and effect, subject to this Court's previous order of January 11, 1982, modifying said stay to allow hearing on a motion for recusal pending in the Texas litigation.

IT IS FURTHER ORDERED that the defendants' counterclaim and third-party complaint raised in the above adversary proceeding be, and the same hereby are, dismissed.

IT IS FURTHER ORDERED that this decision is without prejudice to any party raising the same issues at a future date in the proper manner.