In re Gary Louis LEKVOLD, a/k/a Gary Lekvold, Debtor.

Gary LEKVOLD, Plaintiff,

v.

Mary Helen Lekvold HENDERSON, Defendant.

Bankruptcy No. 81–01032 M A.
Adv. No. 81–0725.

United States Bankruptcy Court,
D. New Mexico.

March 30, 1982.

Linda S. Bloom, Albuquerque, N.M., for plaintiff.

Roy F. Miller, Jr., Albuquerque, N.M., for defendant.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came on for hearing January 22, 1982, on plaintiff's Application for Determination of Secured Status. Plaintiff was present in person and through his counsel, Linda S. Bloom, and defendant was present through her counsel, Roy F. Miller, Jr., and Hartley B. Wess.

The marriage between plaintiff and defendant was dissolved September 12, 1977, by a decree of dissolution of marriage entered in Bernalillo County (New Mexico) District Court. Said decree provided that plaintiff pay child support to defendant each month. Further, said decree ordered that each party pay their own attorneys' fees and costs. (Plaintiff's complaint, exhibit A.) Pursuant to §§ 40–4–15 and –16, NMSA 1978, defendant caused to be filed a certified copy of said decree which created a lien on all real estate owned by plaintiff located in Bernalillo County, New Mexico. Defendant appealed the decree of dissolution and the Supreme Court of New Mexico rendered a decision on said appeal December 8, 1980. The Supreme Court, in pertinent part, stated that the trial court erred in not awarding defendant her costs and attorneys' fees and remanded the case to the trial court to reconsider that issue in accordance with its opinion. *Henderson v. Lekvold*, 95 N.M. 288, 293, 621 P.2d 505, 510 (1980). On September 25, 1981, plaintiff filed a petition in bankruptcy under Chapter 13 of Title 11 of the United States Code. On October 14, 1981, the district court entered judgment on remand from the Su-

preme Court. District Judge Fowlie ordered that defendant recover arrearages in child support, attorneys' fees and court costs for past and present lawsuits, totalling $26,291.68. (Plaintiff's complaint, exhibit C.) Defendant filed a Chapter 13 proof of claim on November 14, 1981, stating that the $26,291.68 figure was secured by a residence owned by plaintiff.

Plaintiff filed the lawsuit herein on November 24, 1981, requesting this Court to determine whether defendant's above-mentioned claim was totally or partially secured by a lien on plaintiff's residence. Defendant answered and counterclaimed.

Defendant contends that her lien, filed September 5, 1980, secures both the initial award for child support as well as the attorneys' fees and costs awarded in the October 14, 1981, judgment.

Plaintiff argues that while the September 5, 1980, lien covers all child support due as of the date of dissolution and may cover arrearages found due October 14, 1981, the lien cannot secure attorneys' fees and costs because the document filed September 5, 1980, creating the lien made no mention of attorneys' fees and costs. At best, says the plaintiff, defendant has only a post-petition judgment lien covering attorneys' fees which is voidable by plaintiff as a post-petition transfer.

There are two questions raised herein. First, could the award of attorneys' fees and costs be considered an award of child support or alimony, and therefore be nondischargeable? Secondly, does the lien cover only child support, or does it cover attorneys' fees and costs awarded in the October 14, 1981, judgment?

 Amounts due a former spouse of the debtor constituting alimony, child support or maintenance are nondischargeable debts so long as such sums are payable directly to the former spouse and actually represent alimony, child support or maintenance. 11 U.S.C. § 523(a)(5) (1978); *In re Dirks (Dirks v. Dirks)*, 5 C.B.C.2d 958, 8 B.C.D. 517, 15 B.R. 775 (Bkrtcy.D.N.M. 1981). The first question, therefore, is whether the award of attorneys' fees and costs by the state court on October 14, 1981, constitutes alimony, child support or maintenance, thus causing the sum to be a nondischargeable debt. Clearly, the sum is to be paid directly to the former spouse. All lawsuits in which these issues were tried were characterized as, and appear to be, lawsuits for child support. Each state court decision focused directly on the needs of the former spouse and children vis-a-vis plaintiff's ability to provide for those needs, the award of attorneys' fees and costs was in the nature of an award for alimony, child support or maintenance. Such amount is therefore nondischargeable.

Although the award of attorneys' fees and costs cannot be discharged in bankruptcy, is defendant's claim against plaintiff for child support arrearages and attorneys' fees and costs a secured claim?

 Pursuant to 11 U.S.C. § 545(2) (1978), statutory liens are voidable only if they are not perfected or enforceable on the date of filing bankruptcy as against a bona fide purchaser who purchases such property on the date of filing, whether such a purchaser exists or not. Judicial liens on an interest of the debtor in property, to the extent that such lien impairs one of the debtor's exemptions, may be voided by the debtor. 11 U.S.C. § 522(f)(1) (1978).

 In order to determine the main question raised herein, the Court must first determine whether the September 1980 lien is judicial or statutory. The effect of recording a decree awarding child support or maintenance of a child is to "become a lien on the real estate of the party which must furnish the child support from the date of filing" on property located in the county of filing. § 40-4-15, NMSA 1978. Thus, it appears that once the decree is duly filed, a perfected and protected statutory lien arises.

The next step to take to determine the secured status of defendant's claim is to ascertain what debt the statutory lien covers. The test set out in 11 U.S.C. § 545(2) is, as of the date of filing the bankruptcy,

to what extent would a bona fide purchaser purchasing the plaintiff's residence take subject to outstanding liens on the residence. Since all persons would take subject to the duly perfected statutory lien, it seems reasonable that a bona fide purchaser could take subject only to what he is being held to have received notice of. This Court finds that the September 1980 lien on the residence secures back payment of child support, in the amount of $10,044.00.

■ Turning to defendant's counterclaim, defendant prayed for, among other things, relief from the automatic stay. Defendant did not specify as to what property such relief would apply. Pursuant to 11 U.S.C. § 362(b)(2), the automatic stay does not apply to the collection of alimony, maintenance or support from property that is not property of the estate. Further, Bankruptcy Rule 701 read in conjunction with Bankruptcy Rule 703 provides that an action for relief from stay is an adversary proceeding which is *commenced by filing a complaint* with the bankruptcy court. Requests for lifting the automatic stay are intended to be heard in an expedited hearing at which time the only issues to be considered are those directly relating to the lifting of the stay and any issue extraneous to the stay being lifted is to be heard at a later date. 11 U.S.C. § 362 (1978); House Report No. 95–595, 95th Cong., 1st Sess. (1977) 344; *cf.* Senate Report No. 95–989, 95th Cong. 2d Sess. (1978) 53, 55, U.S.Code Cong. & Admin.News 1978, p. 5787; *In re Bennett (Wyatt v. Bennett),* 17 B.R. 843 (Bkrtcy. D.N.M.) (1982). Requests for relief from the automatic stay should be the only focus in such a proceeding and the pleadings initiating it must reflect such a fact. If this were not so, such requests would not be calendared expeditiously and injustice to the parties would result since relief would not be forthcoming. For these reasons, this Court feels that the request for relief from stay was not properly raised in the counterclaim even if the automatic stay would have been applicable here.

■ As a portion of the counterclaim, defendant asks this Court to hold the debtor in contempt of court for not complying with terms of the order entered by Judge Fowlie October 14, 1981. This Court may punish with civil contempt only for violations of its own orders. This portion of the counterclaim is, therefore, dismissed.

An appropriate order will enter.