**In re Jerry Mac FORD and Diana Lynn Ford, Debtors.**

**UNITED STATES of America, Plaintiff,**

**v.**

**Jerry Mac FORD and Diana Lynn Ford, Defendants.**

Bankruptcy No. 82–01400–2.
Adv. No. 82–0984–2.

United States Bankruptcy Court,
W.D. Missouri.

May 4, 1983.

---

E. Eugene Harrison, Asst. U.S. Atty., Kansas City, Mo., for plaintiff.

Robert G. Fisher, Independence, Mo., for defendants.

## MEMORANDUM OPINION AND ORDER

JOEL PELOFSKY, Bankruptcy Judge.

Debtors seek turnover of funds garnished by the United States executing under a pre-petition judgment. The United States concedes that some of the funds were attached during the 90 days prior to filing, constitutes therefore a preferential transfer and should be returned to debtor. The dispute is as to the balance of the funds.

Debtors claim the balance of the garnished funds as exempt property and seek to avoid the garnishment under the provisions of § 522(f)(1) of the Code, which permits the debtor to avoid the fixing of a lien or an interest of the debtor in property "to the extent that such lien impairs an exemption ... if such lien is—... a judicial lien ...".

The United States does not contend that debtors have no exemption in this fund created from wages nor that the lien impairs the exemption, but it does contend that debtors have no interest which may be exempted. The word "interest" is not defined under the Code.

■ It is clear as a matter of Missouri law that a creditor having a perfected garnishment, outside the preference period, prevails over the trustee's claim to those garnished funds. *In re TMIC Industrial Cleaning Co.,* 19 B.R. 397 (Bkrtcy.W.D.Mo. 1982); *Vittert Construction and Investment Company v. Wall Covering Contractors, Inc.,* 473 S.W.2d 799 (Mo.App.1971). But that conclusion does not necessarily mean that the debtor has no interest in the garnished funds.

In *Cross Electric Company, Inc. v. United States,* 664 F.2d 1218 (4th Cir.1981), the Court of Appeals dealt with a turnover complaint arising out of an IRS levy. The Court distinguished between interest of the debtor and property in which the debtor had an interest and concluded that, after an IRS levy, the debtor had no interest in the property but had only those interests accorded it by statute, such as the right to notice or the right to redeem. The decision in *Cross Electric,* supra, is followed in this judicial district. *In re E.C. Bishop & Son, Inc.,* 19 B.R. 633 (D.C.W.D.Mo.1982).

This proceeding is distinguished from *Cross Electric,* supra, because the garnishment is a general execution and not an IRS levy. Rule 69, Federal Rules of Civil Procedure, provides that "execution ... shall be in accordance with the practice and procedure of the state in which the district court is held ..." Thus, general bankruptcy law and the laws of the State of Missouri determine the rights and interests of the various parties to the garnished funds.

The exemption which debtors assert and claim in the schedules, assuming they have an interest in this property, is found in §§ 522(d)(1) and (5) of the Code. Property of the estate consists of all legal and equitable interests of the debtor. Section 541(a)(2) of the Code. It is from this estate and from the claims of creditors that debtor takes his exemptions. Title is no longer an issue in determining the interest of the debtor in property. *In re Gunder,* 8 B.R. 390, 392 (Bkrtcy.S.D.Ohio 1980).

In *United States v. Whiting Pools, Inc.,* 674 F.2d 144 (2nd Cir.1982), the Court rejected the analysis of *Cross Electric,* supra, and concluded that the bankruptcy court had power under § 542 of the Code to compel turnover of collateral in the possession of the secured creditor. The test was one of balancing the debtor's need for the collateral against the creditor's right to have the value of its security interest protected. The Court reasoned that the debtor's interest in such property was related to his proposed need for it within the scheme of the bankruptcy case and transcended those rights accorded as a matter of statute or case law. 674 F.2d at 150.

▆▆▆ Underlying the holding in *Whiting Pools,* supra, is the fundamental proposition that, despite levy, the debtor remains the owner of the property seized. 674 F.2d at 157. While in *Whiting Pools* this notion is supported by statutory language in the Internal Revenue Code, it is true as a matter of general law. Seizure does not transfer title. Thus, garnished funds are owned by the debtor until the court orders the funds paid over. At that point it would appear that title passes. Rule 90.17, Missouri Rules of Civil Procedure; *Shanks v. Williams, et al.,* 621 S.W.2d 372 (Mo.App.1981).

▆▆▆ As a matter of Missouri law the garnished employee, if he is a Missouri resident and the head of household, may exempt from garnishment 90% of the wages to which he is entitled. Section 525.030(2), R.S.Mo.1979. As the owner of that amount he may avoid any judicial lien as to that part without regard to when the lien attached. *In re Lumpkins,* 12 B.R. 44

(Bkrtcy.R.I.1981). The logic of the analysis also compels the conclusion that, so long as the garnished party owns the fund, he may avoid the lien as to the whole amount. Section 522(f)(1) contains no limitations as to the value of the property which may be freed from lien and reaches a lien without regard to when it attached so long as debtor retains an interest in the property. *In re Carr,* 18 B.R. 794 (Bkrtcy.E.D.Pa.1982); *In re Lekvold,* 18 B.R. 663 (Bkrtcy.N.Mex. 1982).

The Court holds, therefore, that the debtor had an interest in the garnished funds and that he may avoid the judicial lien sought to be enforced by the garnishment. The complaint for turnover is SUSTAINED as to the whole amount.

This Order constitutes Findings of Fact and Conclusions of Law as required by Rule 752, Rules of Bankruptcy Procedure.