**In re Kevin L. HODGKINS, Debtor.**

**Bankruptcy No. 8500642.**

United States Bankruptcy Court,
D. Rhode Island.

June 13, 1986.

Albert J. Lepore, Coia & Lepore, Ltd., Providence, R.I., for debtor.

Lawrence P. McCarthy III, James A. Ruggieri, Higgins, Cavanagh & Cooney, Providence, R.I., for Creditors Guido R. Salvadore, Joseph P. Bellino, and Clark A. Sammartino.

DECISION ALLOWING CLAIM OF EXEMPT PROPERTY, AND DENYING MOTION FOR RELIEF FROM STAY

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the creditors' (Guido R. Salvadore, Joseph P. Bellino and Clark A. Sammartino) objection to the debtor's claim of exempt property, and on their motion for relief from the automatic stay. 11 U.S.C.

§ 362(d). The creditors also request an order compelling the turnover of funds. The relevant facts are as follows:

On November 15, 1984, the creditors obtained a judgment in the amount of $2,740 against Kevin Hodgkins in the Eighth Division District Court (C.A. No. 84–1135), and pursuant to District Court Provisional Rule 4.1, a writ and notice of post-judgment attachment were served upon Hodgkins. After hearing in December 1984 on Hodgkins' objection to the writ of attachment, and on his motion to vacate the judgment, the District Court reduced the amount of the judgment to $1,800. The creditors then obtained a second writ of attachment, which, together with the required Provisional Rule Notice, was again served upon Hodgkins. When he failed to appear at that scheduled hearing, Hodgkins' wages from the City of Providence were attached, beginning in February 1985, at the rate of $50 per week, and pursuant to that continuing procedure, $1,450 was accumulated and is now being held in escrow by Co-op Credit Union. In the debtor's Chapter 7 petition, filed on October 8, 1985, he claimed an exemption in these funds. *See* Schedule B–4. *See also* 11 U.S.C. § 522(d)(1) and (5).[1]

The creditors argue that the debtor has no legal or equitable interest in the $1,450, that the money is not "property of the estate," within the meaning of 11 U.S.C. § 541,[2] and that said funds, therefore, may not be claimed as exempt by the debtor. Hodgkins counters that the postjudgment writ of attachment is invalid because it was obtained pursuant to the terms of an unconstitutional statute. At a conference held on January 9, 1986, counsel stipulated that there were no material facts in dispute, and agreed to submit the matter for determination upon memoranda. After considering the briefs and reply memoranda, and for the following reasons, we adopt the position advanced by the debtor.[3]

On March 23, 1984, Senior District Judge Raymond J. Pettine held that the Rhode Island statutory scheme of postjudgment attachment was unconstitutional[4] under the due process clause of the Fourteenth Amendment to the United States Constitution, and enjoined the Chief

---

1. § 522. **Exemptions**
   (d) The following property may be exempted under subsection (b)(1) of this section:
   (1) The debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.
   ....
   (5) The debtor's aggregate interest in any property, not to exceed in value $400 plus up to $3,750 of any unused amount of the exemption provided under paragraph (1) of this subsection.

2. § 541. **Property of the estate**
   (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
   (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

3. This decision constitutes our findings of fact and conclusions of law. *See* Bankruptcy Rule 7052 and Fed.R.Civ.P. 52.

4. In particular, the following were declared unconstitutional:
   R.I. GEN. LAWS § 10–15–2 (1969 Reenactment) (Supp.1983)
   In all actions where the plaintiff's claim against the defendant has been reduced to a judgment, the defendant's assets, including his personal estate and real estate, may be attached without any further hearing by the court or notice to the defendant.
   District Court Rule 4(j)(2)
   *Writ of Attachment.* The writ of attachment shall bear the signature or facsimile signature of the clerk, be under seal of the court, contain the name of the court, the names and residences of the parties and the trustee, if any, and the date of the commencement of the action, be directed to the sheriff of the county or his deputies, or to either of the town sergeants or constables in such county, and command them to attach the goods or estate of the defendant to the value of the amount of the plaintiff's demand for judgment, together with a reasonable allowance for interest and costs, and to make due return of their doings thereon.

924

Clerk of the District Court of Rhode Island from issuing writs of attachment pursuant to the then existing forms and procedures. *See Dionne v. Bouley*, 583 F.Supp. 307 (D.R.I.1984), *aff'd*, 757 F.2d 1344 (1st Cir. 1985). The attachment in question was obtained pursuant to District Court Provisional Rule 4.1, which was adopted by the Rhode Island District Court in response to *Dionne*. However, on January 16, 1986, an order was entered by the Rhode Island Supreme Court repealing Rule 4.1, which, according to the Reporter's Notes [5] accompanying the January 16 order, was "also invalidated in the *Dionne* litigation." The debtor is correct, therefore, in urging that "the process through which his wages were attached was unconstitutional and therefore invalid." Reply Memorandum of Debtor at 1.

■ Even if we were to conclude (arguendo, only) that the $1,450 was held under a valid wage attachment, we would still consider it to be exempt, however, since the creditors have not obtained a writ of execution or a court order of disbursement. *See United States v. MacFord (In re MacFord)*, 29 B.R. 364, 366 (Bankr.W.D. Mo.1983) ("garnished funds are owned by the debtor until the court orders the funds paid over [at which point] title passes"). *See also In re Lewis*, 21 B.R. 926, 927 (Bankr.N.D.Ala.1982) (where creditor failed to obtain an order of condemnation of funds paid into state court pursuant to writ of garnishment, garnished funds were properly paid to the debtor as exempt property).

Accordingly, because the $1,450 is being held in escrow pursuant to an invalid lien, and also because there has been no writ of execution issued and no court order of dis-

bursement,[6] the attached funds must be considered property of the estate, which the debtor is entitled to exempt under § 522(d)(1) and (5). "Only property that is secured by a *valid lien* may not be exempted." 3 *Collier on Bankruptcy* ¶ 522.28, at 522–80 (15th ed. 1986) (emphasis added).[7]

The creditors' motion for relief from the stay and request for turnover are denied.

Enter Judgement accordingly.

---

5. While recognizing that they do not have the force of law, we agree with the statement in the Reporter's Notes that Provisional Rule 4.1 was invalidated by *Dionne*.

6. In view of our conclusion that the attachment does not constitute a valid lien, there is no need to consider issues relating to the voidability of a lien which impairs an exemption. *See* 11 U.S.C. § 522(f).

7. The debtor correctly argues that the consent order entered in *Dionne* on March 5, 1986 (which established a procedure whereby a judgment debtor is given an opportunity to object in state court to the release of garnished funds being held in escrow) does not infringe upon the debtor's right to claim an exemption to which he is entitled *under the Code. See* Debtor's Supplemental Memorandum, dated June 6, 1986, at 2–3.