**In re Arnold R. RIANNA, Debtor.**

**Bankruptcy No. 8500122.**

United States Bankruptcy Court,
D. Rhode Island.

June 16, 1986.

---

David Hassenfeld, Providence, R.I., for debtor.

Herbert Katz, Pawtucket, R.I., for Fairlawn Credit Union.

## DECISION GRANTING DEBTOR'S MOTION TO VOID JUDICIAL LIEN

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on Fairlawn Credit Union's objection to the debtor's motion to void a lien under 11 U.S.C. § 522(f).

On May 31, 1983, pursuant to R.I. GEN. LAWS § 9–28–1 (1969 Reenactment)[1] Fairlawn brought a debt on judgment action against Rianna in the Rhode Island Fifth Division District Court (C.A. No. 83–997), and on June 8, 1983, wages due Rianna from the State of Rhode Island were attached. Between September 1983 and April 1984, $140 was withheld from the debtor's wages, biweekly, and pursuant to that procedure $1,898.23 was accumulated and is now being held by the State. On April 4, 1984, Fairlawn obtained a default judgment against the debtor in the amount of $1,847.23, and a writ of execution was issued on April 9, 1984. When the state was charged as garnishee, it refused to release the fund to Fairlawn, citing *Dionne v. Bouley*, 583 F.Supp. 307 (D.R.I.1984), *aff'd*, 757 F.2d 1344 (1st Cir.1985) (which held that § 9–28–1, and Rhode Island's entire statutory scheme of postjudgment attachment were unconstitutional).

Mistakenly believing that the $1,847.23 had been released by the State and paid to

1. **9–28–1. Creditor's equitable action.**—Any judgment creditor, after his execution has been returned wholly or in part unsatisfied, may, by a civil action in the nature of a creditor's bill, reach and apply and subject to the payment and satisfaction of his judgment any equitable estate, any equitable assets or any choses in action of the judgment debtor, except such as shall be exempt from attachment by virtue of statutory provision. The remedy provided by this section shall be cumulative and shall not supersede any existing remedy.

the creditor, the debtor did not list Fairlawn as a creditor when he filed his Chapter 7 petition on March 4, 1985. After learning that Fairlawn had been unsuccessful in obtaining the funds, Rianna filed a motion in the Fifth Division District Court to vacate the wage attachment. That motion was denied, after hearing, in November 1985. The debtor then moved to reopen the bankruptcy case (which had been closed on July 18, 1985) in order to add Fairlawn as a creditor. On March 26, 1986 the following order was entered:

1. The bankruptcy case of Arnold Rianna is reopened, and Schedule A–3 is amended to include the following inadvertently omitted creditor:

Fairlawn Credit Union

571 Smithfield Avenue

Pawtucket, RI 02860

1980 Loan,[2] disputed amount—$2000

2. Fairlawn is entitled to recover attorneys' fees incurred since July 18, 1985 (the date this case was closed), in litigating the validity of a wage attachment order, dated June 8, 1983, pursuant to

which, the State of Rhode Island withheld $1,852.29 [3] from the debtor's wage.
3. The issue of the validity of the wage attachment order, and the voidability under the Bankruptcy Code of any liens arising therefrom, should be brought for hearing in this Court by the filing of appropriate motions.

Acting promptly, on April 2, 1986 the debtor filed a motion to void the June 8, 1983 wage attachment, arguing that the "purported lien" is unconstitutional and invalid, or, alternatively, that even if such lien is valid, it should be voided under 11 U.S.C. § 522(f).[4] The debtor, who elected the federal exemptions in 11 U.S.C. § 522(b)(1) and (d),[5] claims that the money being held by the state is property of the estate [6] which he is entitled to exempt because it comes within the amount of his unused exemption provided in § 522(d)(1) and (5). *See* Schedule B–4.

While we do not subscribe to Fairlawn's position that the debtor no longer retains any interest in the money held by the state, we agree that the resolution of this dispute turns on the nature of the debtor's interest

---

**2.** Fairlawn contends that the debt in question stems from a judgment entered on December 16, 1974, which was based on a delinquent promissory note. *See* Memorandum, dated February 20, 1986. It is unclear why Rianna designated 1980 as the year the debt was incurred.

**3.** The amount withheld was actually $1,898.23. *See* Defendant's Exhibit 1 (letter to Mr. Rianna from the Office of the State Controller, dated February 24, 1986)

**4.** § 522. Exemptions
(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
(1) a judicial lien. . . .

**5.** § 522. Exemptions
(b) [A]n individual debtor may exempt from property of the estate the property listed in either paragraph (1) or . . . paragraph (2) of this subsection.
. . . .
(1) property that is specified under subsection (d) . . .
. . . .

(d) The following property may be exempted under subsection (b)(1) of this section:
(1) the debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.
. . . .
(5) The debtor's aggregate interest in any property, not to exceed in value $400 plus up to $3,750 of any unused amount of the exemption provided under paragraph (1) of this subsection.

**6.** § 541. Property of the estate
(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
(1) [A]ll legal or equitable interests of the debtor in property as of the commencement of the case.

in the fund in question. After considering counsel's arguments at a conference (on the record) held on April 18, 1986,[7] and for the following reasons, we conclude that the debtor is entitled to claim as exempt the $1,898.23, and to have the June 8, 1983 attachment declared void.[8]

■ Assuming, arguendo only, that the state were holding the $1,898.23 under a valid wage attachment, we would be required to conclude, as Fairlawn contends, that the debtor no longer has any interest in the funds. *See, e.g., Riddervold v. Saratoga Hospital (In re Riddervold),* 647 F.2d 342, 346 (2d Cir.1981) ("moneys withheld from the bankrupt's salary under a levy ... still in the hands of the sheriff at the date of adjudication belonged to the creditors"). *See also United States v. MacFord (In re MacFord),* 29 B.R. 364, 366 (Bankr.W.D.Mo.1983) ("garnished funds are owned by the debtor until the court orders the funds paid over [at which point] title passes"). However, because the attachment in question was obtained pursuant to a statute which has been declared unconstitutional, *see Dionne v. Bouley, supra,*[9] we hold that the debtor retains an interest in the attached fund, that Fairlawn's lien is invalid, and that the money being held purportedly pursuant to said lien is property of the estate, which the debtor is entitled to claim as exempt property. *See* 11 U.S.C. § 522(d)(1) and (5). *See also* 3 *Collier on Bankruptcy* ¶ 522.29, at 522–80 (15th ed. 1985) ("[o]nly property that is secured by a *valid lien* may not be exempted") (emphasis added).

■ We have been provided with a copy of a consent order (attached) recently entered in the *Dionne* litigation, which Fairlawn claims supports its position. But that consent order merely establishes a procedure whereby a judgment debtor is given an opportunity to object in state court to the release of garnished funds being held in escrow. The order relied upon by Fairlawn does not, and cannot, in any manner, infringe upon the debtor's right to claim an exemption to which he is entitled *under the Code.*

■ We see no merit in, and reject Fairlawn's argument that the writ of execution charging the state as garnishee transformed the otherwise unconstitutional attachment and garnishment into "more than a voidable judicial lien." To the contrary, we conclude that the debtor clearly retains an interest in the garnished funds, that said attachment constitutes (at most) a judicial lien [10] which impairs an exemption to which the debtor is entitled under 11 U.S.C. § 522(b), and that it may be voided under 11 U.S.C. § 522(f):

> [S]o long as the garnished party owns the fund, he may avoid the lien as to the whole amount. Section 522(f)(1) contains no limitations as to the value of the property which may be freed from lien and reaches a lien without regard to when it attached so long as debtor retains an *interest* in the property ... [t]he debtor had an interest in the garnished funds and ... may avoid the judicial lien sought to be enforced by the garnishment.

*In re MacFord, supra,* at 366 (emphasis added).

---

7. Both counsel have waived formal hearing and the opportunity to submit briefs.

8. This decision constitutes our findings of fact and conclusions of law. *See* Bankruptcy Rule 7052 and Fed.R.Civ.P. 52.

9. On March 23, 1984, Senior District Judge Raymond J. Pettine held that the Rhode Island statutory scheme of postjudgment attachment was unconstitutional under the due process clause of the Fourteenth Amendment to the United States Constitution, and enjoined the Chief Clerk of the District Court of Rhode Island from issuing writs of attachment under the then existing forms and procedures.

10. A *judicial lien* is defined under the Code as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(30). *See also In re McNeely,* 51 B.R. 816, 819 (Bankr.D.Utah 1985); *Becker v. American Bank of Commerce (In re Town & Country Color Television, Inc.),* 22 B.R. 421, 423 (Bankr.D.N.M.1982); *In re Lewis, supra,* at 927.

*See also In re Lewis,* 21 B.R. 926 (Bankr.N. D.Ala.1982) (where creditor failed to obtain an order of condemnation of funds paid into state court pursuant to writ of garnishment, the garnished funds were properly paid to the debtor as exempt property).

Accordingly, if and to the extent Fairlawn holds a valid lien on the funds held in escrow, said lien is voided pursuant to 11 U.S.C. § 522(f). Based on the facts as presented, the debtor's motion for sanctions and attorneys' fees under Bankruptcy Rule 9011 is without merit, and is denied. Also, as a condition to reopening the case pursuant to the terms of our March 26 order, the debtor is obligated to pay Fairlawn attorneys' fees incurred since July 18, 1985 (the date Rianna's bankruptcy case was closed) in litigating the validity of the June 8, 1983 wage attachment. Mr. Katz should submit (copy to debtor's counsel) within 10 days of the date of this decision, an application for compensation, together with a detailed statement of the services rendered, the time expended, and expenses incurred.

Enter Judgment accordingly.

### APPENDIX

### ROSE DIONNE

v.

### GERARD BOULEY

### PATRICIA SZYDLO, et al.

v.

### GERARD BOULEY

Civ.A. Nos. 82–0602 P, 85–0141 P.

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

*STIPULATION AND SUPPLEMENTAL ORDER*

WHEREAS, The parties hereto have previously entered into stipulations in settlement of the above-captioned matters, and these stipulations have been approved by this court and a consent decree issued, and

WHEREAS, This court has terminated the preliminary injunction which prohibited the defendant from processing and executing upon attachments within the State of Rhode Island, and

WHEREAS, There are a number of attachment matters which are pending at this time wherein certain employers, stakeholders and depositaries within the state are holding garnisheed funds in escrow, and

WHEREAS, The State of Rhode Island has requested instruction from this Court as to the processing of said pending claims and the release of the escrow funds,

NOW THEREFORE, The parties hereto stipulate, and the Court directs, as follows:

1) The various matters in which escrowed funds are being held by an employer, stakeholder or depositary will be categorized as follows:

A) Those which, prior to the date of this order, were the subject of court orders of disbursement pursuant to a seperate action on a judgement debt, or alternatively, were subject to a court order to charge the garnishee pursuant to the provisions of the prior District Court rules.

B) Those for which no disbursement order has been received by the employer, stateholder or depositary.

2) Funds which are currently held in escrow in matters within category A, above, may be released only after the appropriate employer, stakeholder or depositary has given notice to the judgement debtor that said debtor has the right to object to the disbursement of the escrowed funds.

The said notice shall be in the form attached hereto and shall provide not less than thirty (30) days notice to the judgement debtor. If no objection is made within the said thirty (30) days, then the holder of escrowed funds shall disburse said funds pursuant to the order of the State Court and shall file an accounting of such payment with the court which issued the order of disbursement. If such objection is made, in writing addressed to the holder, the holder shall notify the judgment credi-

tor who may then apply to the appropriate district court for a hearing pursuant to Rule 69, as amended.

3) In all matters which are classified as category B, the employer, stakeholder or depositary shall continue to hold the escrowed funds for a period not to exceed 150 days from the date of this order. In such matters, the holder of funds will notify counsel for the judgement creditor that a hearing pursuant to Rule 69, as amended, will be required and that escrowed funds will not be released without an order of the State Court after such hearing. At the expiration of 150 days from the date hereof, all funds which have not been ordered disbursed by the appropriate State court shall be returned to the judgement debtor.

4) In any case where, prior to February 18, 1986, the holder had sufficient funds to satisfy the amount of the judgement, plus costs and interest to the date of service of the writ of attachment, and said funds are disbursed to the judgement creditor, then the clerk shall enter a satisfaction of the judgement on the appropriate docket.

5) This order is intended to pertain to only those matters for which funds were being held in escrow prior to the date hereof pursuant to a judgement and writ of attachment issued by the Courts of the State of Rhode Island, but disbursement of which was withheld during pendency of the above-captioned matters. Nothing herein shall be construed to supercede the operation of District Court Rule 69, as amended, as to any other matter.

AGREED AND UPON CONSENT

For Plaintiffs:

/s/_____
JOHN DINEEN, ESQ.
Rhode Island Legal Services, Inc.
77 Dorrance Street
Providence, Rhode Island 02903

For Defendant Bouley:

/s/_____
STEPHEN J. MIGNANO, ESQ.
Spec. Ass't. Attorney General
72 Pine Street
Providence, Rhode Island

DATE: 3/5/86