**In re Lorraine J. NUNALLY, Debtor.**

**Lorraine J. NUNALLY, Plaintiff,**

**v.**

**BARICK FURNITURE COMPANY and Narragansett Electric Company, Defendants.**

**Bankruptcy No. 8910270.**
**Adv. No. 891034.**

United States Bankruptcy Court, D. Rhode Island.

Sept. 5, 1989.

John Rao, Robert Sable, Rhode Island Legal Services, Providence, R.I., for plaintiff.

Ira L. Schreiber, Stephen Zubiago, Schreiber & Schreiber, Cranston, R.I., for Barick Furniture Co.

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on a Motion for Summary Judgment brought by the debtor, Lorraine Nunally, pursuant to Bankruptcy Rule 7056 and Fed.R.Civ.P. 56, wherein the debtor seeks an order declaring that an attachment on wages due the debtor by defendant Narragansett Electric Company is a judicial lien in which she has a property interest, and that said lien impairs exemptions to which she would be entitled under 11 U.S.C. § 522(b). Additionally, Nunally requests that "the lien be avoided and that Rhode Island Legal Services disburse to the plaintiff the $1,645.18 garnished by defendant Narragansett Electric prior to the filing of the petition and now held by Rhode Island Legal Services in accordance with the Stipulation of the parties." Alternatively, the debtor seeks summary judgment on her second claim that "the transfer of the funds garnished on [within] the ninety days prior to the filing of the petition was a preference under 11 U.S.C. § 547 and that the Court order Rhode Island Legal Services to disburse to the plaintiff the $1,081.19 of the funds which were a preference."

The parties have elected to rely on their briefs and reply memoranda in submitting their positions to the Court. They have also entered into a stipulation containing the agreed upon facts and conclusions, and narrowed the issue remaining for resolution. The substance of this stipulation is as follows: (1) Of the $1,804.70 of the debtor's wages garnished by the defendant, $1,081.19 were attached within ninety days prior to the filing of the petition and, therefore, may be avoided as a preference, pursuant to 11 U.S.C. §§ 547 and 522(h);

and (2) $159.52 of the funds were attached after the filing of the debtor's petition, and should therefore be returned to the debtor. The only remaining issue is whether the attachment of $563.99 more than ninety days prior to the filing of the debtor's bankruptcy petition, may be avoided pursuant to 11 U.S.C. § 522(f) as a lien impairing the debtor's claimed exemption.

Section 522(f) provides in relevant part that

> [n]otwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (1) a judicial lien;

The parties agree that the lien in question, a wage attachment obtained pursuant to a judicial judgment, constitutes a judicial lien. In addition, the entire $1,804.70 is claimed on the debtor's Schedule B–4 as exempt property pursuant to § 522(d)(5).[1] The dispositive question therefore, is whether Ms. Nunally retains a sufficient interest in the $563 to enable her to claim them as exempt. While the parties agree that no "charging order" was ever issued pursuant to R.I.GEN.LAWS § 10–17–7,[2] they do not agree on what interest the debtor retains in the attached funds while they are held by the "trustee" (the employer), and prior to the entry of the charging order, which effectively turns the funds over to the judgment creditor.

We have previously decided two cases which dealt with the effect of a wage attachment on a debtor's right to claim an exemption under § 522(d)(5). *In re Hodgkins*, 61 B.R. 922 (Bankr.D.R.I.1986); *In re Rianna*, 61 B.R. 924 (Bankr.D.R.I.1986). However, neither of these cases squarely addressed the issue of whether the debtor retains an interest in attached property after garnishment but prior to the entry of a charging order.[3] We did suggest in *Hodgkins* that "[e]ven if we were to conclude (arguendo, only) that the $1,450 was held under a valid wage attachment, we would still consider it to be exempt, however, since the creditors have not obtained a writ of execution or a court order of disbursement." *Id.* at 924. In so ruling, we relied upon two cases, *In re Ford*, 29 B.R. 364 (Bankr.W.D.Mo.1983) and *In re Lewis*, 21 B.R. 926 (Bankr.N.D.Ala.1982), which hold that "the fundamental proposition [is] that, despite levy, the debtor remains the owner of the property seized" and "[s]eizure does not transfer title. Thus, garnished funds are owned by the debtor until the court orders the funds paid over. At that point it would appear that title passes." *In re Ford, supra*, at 366. The court in *In re Lewis, supra*, at 927, noted that "[g]arnishment is a species of attachment and falls under the influence of the definition of judicial liens which affords relief from garnishment under § 522(f) of the Code, as well as under § 527"; and also that "[t]he

---

**1.** Section 522(d)(5) provides that

> The following property may be exempted under subsection (b)(1) of this section:
>
> . . . .
>
> (5) [t]he debtor's aggregate interest in any property, not to exceed in value $400 plus up to $3,750 of any unused amount of the exemption provided under paragraph (1) of this subsection.

**2.** R.I.GEN.LAWS § 10–17–7 entitled **"Amount with which trustee charged—Action against trustee"** *provides in relevant part that*

> [i]f the accounts filed by any trustee in accordance with § 10–17–2 shall disclose that said trustee is holding any wages or personal estate of the defendant, than the trustee shall be charged to the amount disclosed, if less than the judgment or decree, otherwise to the

amount of the judgment or decree. At the discretion of the court, an order may be entered allowing a partial charge of those funds. However, no such order shall be entered in the same case more than once in a three (3) month period of time. The plaintiff, after having recovered judgment or decree against the defendant, may bring his action against the trustee to recover the amount for which he is charged, with interest and costs.

**3.** These cases were decided on the ground that the wage attachment statute in effect at that time was found by the U.S. District Court for the District of Rhode Island to be unconstitutional, *see Dionne v. Bouley*, 583 F.Supp. 307 (D.R.I.1984), *aff'd*, 757 F.2d 1344 (1st Cir.1985), and based upon *Bouley*, we held that the debtor continued to retain an interest in the (improperly) attached funds.

debtor ... retains an interest in his wages until such interest is terminated by the court's payment of the garnished wages to the creditor." *Id.* at 928 (citing *Beaumont v. Eason,* 59 Tenn. 417 (1873)).

Aside from the constitutional issue in *In re Hodgkins, supra,* the factual scenario involved there is identical to the one now before us. First, the creditor obtained a writ of attachment, and then attached the debtor's wages, resulting in a specified amount of money being withheld from the employee's pay check, on a weekly basis, which the employer held as garnished funds. No charging order or other means of levying on the property was ever obtained by the creditor, prior to the debtor's request to claim the funds as exempt. Based on these facts, we concluded in *Hodgkins,* as we do here, that since no "writ of execution or court order of disbursement" was ever obtained, the debtor continues to maintain a sufficient interest in the attached funds, to enable her to claim such funds as exempt.

Accordingly, it is ORDERED that the lien placed on the wages of the debtor, Lorraine Nunally, is avoided pursuant to § 522(f), and that the $563.99 in question be paid to her forthwith.

Enter Judgment accordingly.