**In re Wayne J. MASON, Susan P. Mason, Debtors.**

**Bankruptcy No. 93–10359.**

United States Bankruptcy Court, D. Rhode Island.

April 5, 1993.

Christopher Lefebvre, Pawtucket, RI, for debtor, Susan P. Mason.

Richard B. Applebaum, Providence, RI, for G.E. Capital Corp.

Louis A. Geremia, Cuzzone, Geremia & Civittolo, Providence, RI, for Chapter 7 Trustee.

DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Before the Court is the Debtor's [1] Motion to Avoid Judicial Lien on garnished wages

---

**1.** This Chapter 7 case is the joint bankruptcy of Wayne and Susan Mason, husband and wife.

pursuant to 11 U.S.C. § 522(f), and the Objection of creditor G.E. Capital Corporation ("G.E. Capital"). On March 30, 1993, we held a telephonic conference in this matter during which the parties stipulated that the only item remaining in dispute is $663.43, representing wages garnished from August through November 1992.[2]

 The Debtor contends that our holding in *In re Nunally*, 103 B.R. 376 (Bankr. D.R.I.1989) supports her argument that garnished funds remain the property of the debtor until a valid charging order is entered by an appropriate state court, and that legal title is unaffected by the physical transfer of such funds to the judgment creditor, in the absence of such an order. We agree.

The distinguishing fact in dispute here, which was not present in *In re Nunally*, 103 B.R. 376 (Bankr.D.R.I.1989) is that instead of the garnishee holding the attached funds until the entry of a valid charging order under R.I.Gen.Laws § 10–17–2 *et seq.*, the Debtor's employer, Hopkins Health Center, periodically turned over the attached wages to G.E. Capital.

In *In re Nunally*, 103 B.R. at 377 (quoting *In re Ford*, 29 B.R. 364, 366 (Bankr. W.D.Mo.1983)), we held that "garnished funds are owned by the debtor until the court orders the funds paid over. At that point it would appear that title passes." Consistent with that holding, here, although the debtor lost physical possession of garnished funds through the collection efforts of the creditor, she was not divested of her legal interest in those funds where the requisite state court procedures were not followed to properly transfer legal title to G.E. Capital.

 Although G.E. Capital argues that the Debtor's rights should be limited to an action against her employer, notwithstanding its own failure to touch all the

procedural bases, it would be legally incorrect and grossly unfair to leave the Debtor with rights only against her employer, who is nothing more than a custodian or stakeholder in the garnishment process. Rather, in weighing the relative equities, the burden ends up with the creditor to see that its collection efforts meet the technical requirements of the law.

Accordingly, for the above reasons, the Debtor's Motion to Avoid Lien as to the $663.43 garnished between August and November 1992, is GRANTED, and G.E. Capital is ORDERED to return forthwith the disputed funds to the Debtor.

Enter Judgment consistent with this opinion.

---

The instant motion is brought by Susan Mason only, as her wages are the subject of the garnishment dispute with G.E. Capital.

**2.** The Debtor withdrew its motion to avoid lien as to $631.93 garnished by G.E. Capital in February 1991, as that money was paid pursuant to a properly executed charging order under

R.I.Gen.Laws § 10–17–7. Additionally, G.E. Capital concedes that the amount garnished within the ninety days preceding the Debtor's Chapter 7 filing, $741.83, may be avoided as a preferential payment pursuant to 11 U.S.C. § 547(b).