Joyce Bell BURKITT, Independent Executrix of the Estate of George W. Burkitt, Deceased, Appellant,

v.

D. J. GLENNEY, III, Appellee.

No. 14185.

Court of Civil Appeals of Texas.

Houston.

Oct. 3, 1963.

Rehearing Denied Oct. 24, 1963.

Kelley & Ryan, C. O. Ryan, Houston, for appellant.

Fred Parks and Donn C. Fullenweider, Houston, for appellee.

BELL, Chief Justice.

Appellant was the owner, as Independent Executrix, of a judgment against D. J. Glenney, Jr. She obtained the issuance and service of a writ of garnishment on appellee. Appellee answered and in effect stated he was indebted to D. J. Glenney, Jr. in the amount of $200.00 but denied this was subject to garnishment and denied he was otherwise indebted, and set out why he was not otherwise indebted. He asked for attorney's fees. The trial court, after a hearing, rendered judgment for appellant for $200.00, denied her additional relief, denied appellee attorney's fees and adjudged costs against appellee.

The evidence establishes that Mrs. E. B. Crane, the assignor of appellant's husband, George W. Burkitt, who is now deceased, obtained a judgment for $110,399.31 against D. J. Glenney, Jr. Through a sale, under execution, of land in which D. J. Glenney, Jr. claimed an interest, $500.00 was credited on the judgment. D. J. Glenney, Jr. held an interest in some 1400 acres of land at a time prior to the judgment, the land having been conveyed to him by Mrs. Crane. Prior to the judgment a controversy arose between him and Mrs. Crane and Glenney, Jr. reconveyed the land to Mrs. Crane. Subsequently, Glenney, Jr. took the position that his reconveyance of the land was obtained by fraud and duress on the part of Mrs. Crane and her representatives. He conveyed all of his interest in the land and any cause of action he owned with regard to it to appellee here in consideration of the agreement by appellee to pay Glenney, Jr. $200.00 to $300.00 per month during the life of Glenney, Jr. The agreement was oral. Appellee later filed suit against Mrs. Crane to set aside the deed on the ground of fraud and also asked that the deed be declared to have been intended as a mortgage and not a

deed. See Glenney v. Crane, Tex.Civ.App., 352 S.W.2d 773, C.C.A., ref., n. r. e. After disposition by this Court of that appeal in Glenney v. Crane, the appellant obtained the writ of garnishment. At the time of service of the writ and the filing of the answer by appellee, only one of such monthly payments that had matured remained unpaid. The appellant concedes that the only amount that appellee had an absolute obligation to pay was $200.00 per month. The judgment of the court was only for the $200.00 that had matured and which had not been paid by the garnishee when answer was filed. It was the view of the trial court that appellant was entitled to recover only such of the monthly payments as had matured at the date of garnishee's answer.

The appellant takes the position that under the oral agreement appellee was obligated to pay Glenney, Jr. $200.00 per month during the latter's life and this obligation created an indebtedness which could be reached by garnishment even though the monthly payments had not matured or fallen due. She says there is no uncertainty in the indebtedness because there is the absolute obligation to pay monthly during Glenney, Jr.'s life and the fact that the obligation will terminate on the death of the beneficiary does not make the indebtedness contingent. She seeks, therefore, a judgment against the garnishee, contending that she is entitled to have him pay said monthly installments to her as they fall due during Glenney, Jr.'s life, with the right to successive executions against the garnishee for such monthly payments as he fails to make.

Appellee contends that since the payments depend upon Glenney, Jr.'s being alive, the obligation is a contingent one and too uncertain to be the subject of garnishment.

■ We are of the view that under Texas rules with regard to garnishment it is contemplated that the judgment against the garnishee shall be in the amount of the indebtedness that is shown on trial to have been absolutely owed in an amount certain when the garnishee is served or files his answer, if there is an accrual between the date of service and filing of the answer.

In the case of Planters' and Mechanics' Bank et al. v. Floeck, 17 Tex.Civ.App. 418, 43 S.W. 589, C.C.A., writ den., this Court, speaking through Associate Justice Williams, made a very thorough analysis of our garnishment statutes existing in the 1895 Revised Civil Statutes, and came to the conclusion that the garnishee could be held only for such indebtedness as was owed when the writ was served or when the answer was filed if there was an increase in the indebtedness between the time of service and filing of the answer, but judgment could not be had for indebtedness arising after the time for filing an answer. We have compared our present rules with the material articles of the statutes considered by Justice Williams and find them to be the same in all material respects. It is true that in the case the garnishee held notes of the judgment debtor for collection and there was no obligation on the garnishee to pay anything until it had collected and, of course, when the answer was filed it could not be known whether anything would be collected. However, the necessary effect of the construction given the statute is that the garnishee can be held liable for only such amount as can definitely be ascertained as owing when the answer is filed.

■ In the case before us, at the date of filing the answer there was an absolute obligation to pay during the life of Glenney, Jr., but it would terminate if the judgment debtor was not alive when the date for payment fixed by the contract arrived. However, we are of the view, in the light of the rules with regard to garnishment, that this makes no difference. Rules 659 and 661, Texas Rules of Civil Procedure, provide that the answer of the garnishee shall state, and the writ of garnishment shall require the garnishee to state, "what, if anything" he is indebted. Rule 668, with regard to the kind of judgment that shall be rendered, provides in substance that if it appears from the answer, or is otherwise made to appear that the garnishee is indebted to the debtor

in any amount, or was so indebted when the writ was served, the court shall render judgment in the amount so admitted in the answer or found to be due, unless the amount found to be due is in excess of the judgment_in which case judgment shall be rendered for the full amount of the judgment, interest and costs. Construing all these rules together, we think the term "what, if anything" the garnishee is indebted means not merely whether he is in fact indebted, but also in what amount. In this case because of the nature of the obligation the amount matured at the date of the answer is the only amount that could be stated.

If it be suggested that Rule 668 seems to authorize judgment for an amount shown to be owed at the time of trial because it uses the term "the amount * * * found to be due", it suffices to refer to Justice Williams' opinion in the above cited case. He expressly noticed this terminology but rejected the implication that the term referred to the time of trial. When the other pertinent statutes are considered, it is seen to refer to the determination made as to the amount due at the filing of the answer, where the answer does not correctly reflect the amount due and the plaintiff in garnishment has joined issue by its controverting plea.

Our holding, that the indebtedness for which the garnishee is liable is the amount certain for which the garnishee is absolutely liable as of the date his answer is filed, finds support in two Texas cases. We have found none in Texas to the contrary. Shropshire v. Alvarado State Bank, Tex.Civ.App., 196 S.W. 977, C.C.A., no writ hist., and Blankenship & Blake Co. v. Moore Bros., 4 Willson Civ.Cas.Ct.App. 145, 146, 16 S.W. 780.

■ Appellant, in addition to relying on a case from Kentucky and one from Illinois, that do support her position, relies on the Texas cases of Neal v. Kurz, Tex.Civ.App., 26 S.W.2d 478, C.C.A., no writ hist., and Marble Falls Ferry Co. v. Spitler, 7 Tex.Civ. App., 25 S.W. 985, C.C.A., no writ hist. These two Texas cases relied on by appellant are distinguishable from our case and the last two cited by us in support of our decision. In appellant's cited cases at the time of the service of the writ of garnishment and of the filing of the answer there were installment obligations owed absolutely in an amount certain. Some installments of the obligation had not matured, but judgment was allowed directing payment to the plaintiff in judgment as they matured. In our case and in the cited cases there was an obligation to pay, but the amount, except for that which had matured, could not be determined because additional payments might never accrue, since they were based on a contingency that might occur at any time.

■ Appellee has two cross-Points. One challenges the judgment for $200.00 on the ground that these monthly installments are, except for a small social security payment, the only means of livelihood for D. J. Glenney, Jr. and his wife. Public policy is the basis of the challenge. This point is overruled.

■ Appellee's second cross-Point is the alleged error of the trial court in refusing him an attorney's fee and adjudging costs against him. There is serious question whether appellee properly perfected his appeal. However, we are of the view that he is not entitled to attorney's fees and costs unless he is discharged. In this case he contended in his answer that he had nothing belonging to the debtor that was subject to garnishment. Judgment was against appellee as to $200.00 though he contended this was not subject to garnishment. There was no error in the court's ruling.

The judgment of the trial court is affirmed.