**In re Bruce Edward BUZZELL a/k/a Buzz Buzzell, Debtor.**

**Bruce Edward BUZZELL, Movant,**

v.

**MONTGOMERY WARD & COMPANY and the Sun Life Insurance Company of America, Respondents.**

**Bankruptcy No. 85–B–1537.
Motion No. M85–0880B.**

United States Bankruptcy Court,
D. Maryland.

Jan. 8, 1986.

Marc R. Kivitz, Baltimore, Md., for debtor.

Henry L. Rocklin, David H. Weinstein, Baltimore, Md., for Montgomery Ward & Co.

ORDER AVOIDING JUDICIAL LIEN

JAMES F. SCHNEIDER, Bankruptcy Judge.

Debtor has moved to recover $280.78 in wages garnished by respondent, Montgomery Ward & Company ("Ward"), a judgment creditor, within ninety (90) days of the filing of the voluntary Chapter 7 petition. The alternative grounds for relief cited are the debtor's right to avoid exemption-impairing judicial liens under 11 U.S.C. § 522(f)(1), and the debtor's right under 11 U.S.C. § 522(h), derivative of the Trustee's powers under 11 U.S.C. § 547, to recover preferential transfers otherwise exempt. Respondent Ward opposes debtor's right to recover on the basis of the $600 threshold of 11 U.S.C. § 547(c)(7) (1984), which this Court has previously found to be a limitation upon a debtor's derivative use of Section 547. *In re Holyfield*, 50 B.R. 695 (1985).

The debtor attempts to distinguish his circumstances from those of David Holyfield by relying on Section 522(f)(1), which is not limited by the amount-in-controversy threshold of § 547(c)(7). A wage garnishment, however, *may* be *both* a preferential transfer and a judicial lien. As such, the threshold of § 547(c)(7) can be asserted to apply or not to apply, depending on how the garnishment is characterized. This is the seeming paradox of the debtor and his judgment creditor.

It is agreed by the parties that, as of the order for relief in Chapter 7, the garnished wages were held by the debtor's employer, The Sun Life Insurance Company of America, as garnishee. Under Maryland law, a judicial lien is obtained upon accrued wages when a writ of attachment by wage garnishment is laid in the hands of the garnishee. *See* Md.Com.Law Code § 15–602(a) (1984). For preference purposes, a transfer of accrued wages occurs when a creditor on a simple contract cannot acquire a judicial lien superior to the garnishing creditor's interest in the accrued wages. *See* 11 U.S.C. § 547(e) (1984). Thus, the transfer can only occur when the judicial lien of garnishment is created. Once the garnished wages are paid over to the judgment creditor, the judicial lien is extinguished to that extent, and, to the extent of the satisfaction, there is no longer a judicial lien capable of being avoided. To the same extent, the debtor's remedy under § 522(f)(1) is extinguished as well.

Before garnished wages are paid over to the judgment creditor, however, the creditor has a judicial lien on those wages, and a transfer of those funds has occurred for purposes of § 547. If the voluntary Chapter 7 petition is then filed, a debtor may *either* recover those funds (if otherwise exempt) by avoiding the lien under § 522(f)(1), *or* by setting aside the preferential transfer under §§ 547 and 522(h) (assuming the other requirements of a preference are met). If, however, the garnished wages sought to be recovered are less than $600, the debtor is barred from relying upon §§ 547 and 522(h) because of the holding in *Holyfield, supra*, but is still free to proceed under § 522(f)(1).

Avoiding the lien under § 522(f)(1) results in the employer holding wages due and payable to the debtor, unencumbered by creditor claims. This provision, stand-

ing alone, gives the debtor ample authority to recover wages garnished but not paid over, to the extent that those wages are otherwise exempt. The recovery of a preferential transfer is superfluous.

Upon the foregoing, it is

ORDERED that the judicial lien of respondent upon the $280.78 in the custody of the debtor's employer, is hereby AVOIDED, the writ of garnishment is quashed, and the custodian of the funds is hereby ORDERED to release same to the debtor.