In re Donald P. MORAN, Debtor.

Donald P. MORAN, Plaintiff,

v.

SAXENIAN PROPERTIES and Ronald B. Meek, Defendants.

Bankruptcy No. 87–01441–H3.
Adv. No. 88–0862–H3.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Oct. 3, 1989.

Anthony F. Mercurio, Houston, Tex., for debtor/plaintiff.

Ronald B. Meek, McDonald, Harmon & Malone, Waco, Tex., for defendants.

MEMORANDUM OPINION
AND ORDER

LETITIA Z. CLARK, Bankruptcy Judge.

Came on for trial on May 10, 1989 the Complaint for Contempt, for Punitive Damages, for Attorneys' Fees, for Costs, for Injunction filed by Donald P. Moran, ("Debtor" or "Plaintiff"), against Saxenian Properties and Ronald B. Meek, ("Defendant"), and after considering the pleadings, briefs, evidence and arguments of counsel, the court makes the following findings of fact and conclusions of law and enters a separate Judgment in conjunction herewith. To the extent any findings of fact herein are construed to be conclusions of law, they are hereby adopted as such. To the

extent any conclusions of law herein are construed to be findings of fact, they are hereby adopted as such.

## FINDINGS OF FACT

The Defendant, Saxenian Properties, obtained a Judgment against the Plaintiff in state court filed under Cause Number 7642 in Fort Bend County, Texas on October 29, 1986 for the amount of $49,772.75 plus costs and interest from the date of judgment pursuant to a lease dispute. A Writ of Execution was issued and returned to Saxenian Properties on January 6, 1987 reflecting no assets against which to levy. On January 16, 1987, a Writ of Garnishment was served on Texas Refining and Marketing, Inc. ("Texaco" or "Garnishee"), as an alternative method of executing on the prior state court judgment. By Answer dated February 6, 1987 Texaco denied holding any property of the Plaintiff at the time the Writ was served and up to the date of answer. There has been no judgment rendered by the state court on the Writ of Garnishment.

The Plaintiff filed a petition in bankruptcy on February 10, 1987, and listed the Fort Bend County Court Judgment amount claimed by the Defendants on the Debtor's Schedules as unsecured without priority. The Defendants were in attendance at the § 341 Creditors' meeting held March 26, 1987 as evidenced by the Order for Meeting of Creditors, (Docket # 3), Notice of Creditors' Meeting (Docket # 4), and Trustee's Report After Meeting of Creditors, (Docket # 5). Thus, Defendants were well aware of the status of their claim as listed by the Debtor. The Defendants filed a proof of claim dated March 26, 1987 showing the amount claimed as secured based upon the Abstract of the Judgment rendered by Fort Bend County Court and the Writ of Garnishment, copies of which were attached.

The last day for filing an objection to discharge of the Debtor or complaint to determine the dischargeability of a debt, as stated on the Order for Meeting of Creditors, was May 26, 1987. There were no objections or complaints to discharge, and the Debtor was discharged by Order entered June 8, 1987. (Plaintiff's EX D.) The bankruptcy case was closed on July 29, 1987.

The ancillary garnishment proceeding was retained by the Fort Bend County Court by Order dated February 9, 1989, on a motion filed by the present Defendants. At the same time these Defendants filed a Motion for Summary Judgment and a hearing on the summary judgment was held on March 30, 1988 by the state court. On September 30, 1988 the Debtor filed this adversary complaint alleging that the Defendants continued to attempt to collect a pre-petition debt in violation of the automatic stay.

The Plaintiff contends that the Defendants' actions have caused Texaco to withhold money owed to the Debtor from April of 1988 (post discharge) to April of 1989, amounting to $23,400.00. Further, the Plaintiff alleges that Texaco will continue to withhold money as long as the garnishment action is pending in Fort Bend County, Texas. The Plaintiff requests the court to order Defendants to dismiss the garnishment action and to pay punitive damages.

The Defendants contend that what began as a garnishment action is now a personal liability suit against Texaco and not the Debtor. The Defendants also contend they have a right to pursue an *in rem* action on the garnishment because a valid, perfected judicial lien survived the bankruptcy action by the Debtor's inaction in avoiding the lien.

This court finds that the garnishment action filed by Defendants against Texaco and the Plaintiff was stayed under 11 U.S.C. § 362 as to Debtor upon Debtor's filing the bankruptcy petition on February 10, 1987. This court also finds that the Defendants did not violate the § 362 stay.

■ This court finds that the garnishment action is a process of executing on a previously rendered judgment or debt, and it does not create a separate right against the garnishee until an order of garnishment has been rendered.

By the evidence presented, the Defendants did not actively pursue the enforce-

ment of the pre-petition judgment at any time during the pendency of the Plaintiff's bankruptcy case, after receiving notice of the Plaintiff's petition. This court finds that the February 13, 1987 letter from Defendants' counsel does not amount to a continuation of efforts to collect. (Plaintiff's EX B.) However, the Defendants did not move to dismiss the garnishment action, and did pursue that action after the Plaintiff had been discharged under his Chapter 7 bankruptcy petition. (Plaintiff's EX Q; Defendants' EXs I, J, & L.)

Further, this court finds that the Debtor's liability for the original underlying claim filed by the Defendant in state court, listed by the Plaintiff in his Schedules filed in his bankruptcy case, and referenced in Defendants' Proof of Claim, has been discharged.

## CONCLUSIONS OF LAW

■ This court has jurisdiction to hear this matter under 28 U.S.C. § 1481, 28 U.S.C. § 157, Bankruptcy Rule 9029, 11 U.S.C. § 362(a)(2), 11 U.S.C. § 502(j), and 11 U.S.C. § 105(a). The automatic stay may be enforced by contempt proceedings. *In re Shropshire*, 25 B.R. 128 (Bankr. Wash.1982). This court is not precluded from hearing state law issues, especially when resolution of those issues is determinative of a federal question. *In re Rosenfield*, 62 B.R. 515 (Bankr.N.D.Tex.1986).

■ The Writ of Garnishment is an attempt to collect on a prior judgment. The garnishment is a method of enforcing execution of a court's judgment. *Tom Benson Cheverolet Co., Inc. v. Beall*, 567 S.W.2d 857 (Civ.App.San Antonio 1978) writ. ref. n.r.e. The garnishment proceedings are purely ancillary to the original action. *First National Bank in George West v. Frost National Bank of San Antonio*, 142 S.W.2d 555 (Civ.App.San Antonio 1940), and they must be had in the same court that heard the underlying judgment proceeding. The purpose of a "Writ of Garnishment" is to notify the garnishee when and where he is required to answer interrogatories propounded and to impound assets and property of debtor in the hands

of a third person. *Hanson v. Guardian Trust Co.*, 150 S.W.2d 465 (Civ.App. Galveston 1941) error dismissed. It is clear that the garnishment process, like any other cause of action, is not complete until an order is entered which, in a garnishment proceeding, results in directing the denial or delivery of funds to the garnishor.

■ It has been established for some time that a writ of garnishment appropriates only what the garnishee may owe to the debtor-in-garnishment at the time of the issuance of the writ and then to the time of answer by the garnishee. *Gause v. Cone*, 73 Tex. 239, 11 S.W. 162 (1889); *Security National Bank v. Morgan*, 245 S.W. 455 (Civ.App. Dallas 1923). The Defendants caused a Writ of Garnishment to be served on Texaco on January 16, 1987, and Texaco answered on February 6, 1987. (Plaintiff's EX C; Defendants' EX A.) However, there has not been adjudication of the garnishment action as that action was stayed due to the Plaintiff's having filed his bankruptcy petition on February 10, 1987.

■ The termination of the automatic stay is governed, *inter alia* by 11 U.S.C. § 362(c), and 11 U.S.C. § 362(c)(2) provides that the stay will continue until the case is closed, dismissed, or the debtor is discharged. This court finds that the stay has not been violated as the actions of the defendant occurred after the Debtor was discharged. From the evidence presented, these garnishment proceedings were not pursued by Defendants during the pendency of the Plaintiff's bankruptcy case and as a result the stay was not violated.

Upon filing for protection in bankruptcy, an estate is created containing the property of the debtor, as provided by 11 U.S.C. § 541. 11 U.S.C. § 362(a)(2) provides that the enforcement of a pre-petition judgment against the debtor, or property of the estate, is stayed upon the filing of a petition in bankruptcy. Any actions taken in violation of the stay are void. One who knowingly acts contrary to the stay may be held in contempt for his actions. A Writ of

Garnishment is an enforcement of a judgment.

The Defendants contend that the garnishment action is against proceeds of a contract between the Debtor and Texaco rather than wages of the Debtor. Defendants also contend that the action is an *in rem* proceeding against the proceeds, and that the action is against the Garnishee/Texaco and not the Debtor. If the proceeds were wages, there would be no right to garnishment. (V.T.C.A., Civil Practice and Remedies Code § 63.004.) An action against Texaco, by itself, could be had only upon determination that Texaco had property of the Debtor and had not withheld that property from the Debtor. The action in garnishment has not been completed and therefore, the Defendant has not perfected the right to the property in question, but, by service of writ, has only impounded any money or property held by Garnishee and has acquired a lien in favor of the Defendants on any money or property held. *Daniel v. East Texas Theaters*, 127 S.W.2d 240 (Civ.App. Fort Worth 1939).

The Defendant has relied on *U.S. v. Allen Brothers of Homer, Inc.*, 36 B.R. 920 (D.M.D. Louisiana, 1984), in support of its contention this is an action against Texaco and not against the Debtor. That case is distinguishable in that an order to show cause was entered in the garnishment suit against the State of Louisiana, and the debtor had received all proceeds owed. In this instance Texaco has withheld from Debtor at least $23,000.00 generated after filing of the bankruptcy petition, and further, there has not been an adjudication of the garnishment action.

The Plaintiff was discharged on June 8, 1987, pursuant to 11 U.S.C. § 727. The Debtor was not found to have committed any acts to prevent discharge or to create any exceptions to discharge under 11 U.S.C. § 523, and there has not been sufficient evidence or allegation presented by the Defendant in this adversary proceeding to find such acts. Further, 11 U.S.C. § 524(a)(1) and (a)(2) provide that a discharge will void any judgment as a personal liability of the debtor and operates as an injunction against the continuation of an action or employment of process to recover any such debt. 11 U.S.C. § 524(a)(1); 11 U.S.C. § 524(a)(2). The Trustee's Report after the § 341 Meeting reported the Debtor as having "no assets." (Docket # 5.) Upon discharge there are no assets left to the estate as there is no more estate. If the garnished property had been funds that were due under a pre-petition contract with Texaco, they then "became property of the estate on filing a petition." *In re Cochise College Park, Inc.*, 703 F.2d 1339 (9th Cir. 1983). The Defendant had an opportunity to object to the discharge of the Debtor but did not, and does not now raise any objection to discharge.

■ The liability of the Debtor for the claim filed by the Defendant by its Proof of Claim has been discharged. Under 11 U.S.C. § 506(d) an unsecured lien is void, unless the claim was disallowed under § 502(b)(5) and § 502(e), or if there was no proof of claim filed. The debt was listed as unsecured in the Debtor's Schedules and the Defendant did not object to that treatment. (Docket # 1.) Any actions on a discharged debt are void and ineffective.

Yet, in this instance it is disingenuous to say that the actions of the Defendant are ineffective and have not caused harm to the Debtor. The Plaintiff and the Garnishee have stated that post-petition funds due under contract to the Plaintiff have been withheld pending the resolution of the continued garnishment action. The Defendants claim the post-petition contract is a reaffirmation of the contract that had been subject to garnishment. However, the alleged post-petition contract was not introduced in evidence. If it exists, it is separate and distinct from the pre-petition contract which was the basis for the garnishment action. This is because the contract subject to the garnishment action was deemed rejected pursuant to 11 U.S.C. § 365, as the Trustee or Debtor did not assume or reject same within the sixty day time period.

This court can not instruct a state court to dismiss a garnishment action. However,

it is the opinion of this court that the underlying judgment and contract, that are the basis of the garnishment action, are now void as a result of the Debtor's discharge in Bankruptcy. To support a writ of garnishment, the judgment must be definite, final, and one on which execution may issue. *Krieger v. Sheffield, Garrett & Carter*, 341 S.W.2d 564 (Civ.App. Waco 1961) writ. ref. n.r.e. In this instance the original judgment is now void through operation of 11 U.S.C. § 524(a)(1). It does not appear there is any underlying basis supporting any continued garnishment action.

It is not apparent, from the evidence presented, that there has been to date any willful violation of the provisions of the Bankruptcy Code by the Defendant Saxenian or its attorney. Accordingly, the court finds no grounds for sanctions. Texaco is not required to withhold earnings generated after the Bankruptcy discharge for the pre-petition debt that has been discharged. However, recovery of those funds by plaintiff can not be accomplished through this court. It is not properly before this court or appropriate for this court to make a judicial determination as to a possible separate cause of action by Defendants against Texaco for any funds that should have been withheld between the time notice of garnishment was served on Texaco and the date of the filing of Bankruptcy. Nor can this court hear a possible cause of action by Debtor against Texaco for wrongfully withholding money that may be owed Debtor post-discharge. These causes of action, if ever raised, would be more properly determined by a state court. However, any continued attempts by the Defendants to collect monies generated post-petition, by means of the pre-petition garnishment action, would in the future be a willfull disregard of the findings of this court, and would subject them to sanctions.

Based upon the foregoing this court finds that the relief requested in Plaintiff's Complaint for Contempt, for Punitive Damages, for Attorneys' Fees, for Costs, and for Injunction is denied. A separate Judgment will be entered by the court pursuant to the court's findings of fact and conclusions of law.