**In re Samuel L. THOMAS, Debtor.**

**Samuel L. THOMAS, Movant,**

v.

**BENEFICIAL OF MISSOURI, Respondent.**

**Bankruptcy No. 97–46634–172.**

United States Bankruptcy Court, E.D. Missouri, Eastern Division.

Nov. 28, 1997.

Charles W. Riske, Clayton, MO, trustee.

Ross H. Briggs, Pacific, MO, for Debtor.

Allen J. Bloom, St. Louis, MO, for Respondent.

## ORDER

JAMES J. BARTA, Chief Judge.

The hearing on the motion of Samuel L. Thomas ("Debtor") to avoid a judicial lien and to compel turnover of funds was called on October 15, 1997. On consideration of the record as a whole, including the oral arguments presented at the hearing, the Court announced its determinations and orders from the bench at the conclusion of the hearing.

On March 6, 1997, prior to the commencement of this Chapter 7 case, Beneficial Missouri, Inc ("Respondent") obtained a non–bankruptcy court judgment against the Debtor. In April, 1997, the Respondent requested and was granted a writ of garnishment in aid of execution that was served on the Debtor's employer. The amount of $255.10 was withheld from the Debtor's prepetition wages and delivered to the Sheriff of the City of St. Louis. At the Bankruptcy Court hearing, the Respondent argued without objection that the Sheriff of the City of St. Louis is subject to a standing order of the non–bankruptcy court that directs that money withheld be delivered and paid directly to the creditor that had obtained the writ of garnishment. Neither the standing order nor any other pay–in or pay–out order was made a part of this record. The Respondent argued further that, generally the wages withheld are held by the Sheriff until the return date of the garnishment, which in this case was after the date on which the Bankruptcy Petition was filed. As of the commencement of this case, the wages withheld under the

writ of garnishment had not yet been paid or delivered to the Respondent.

The Debtor filed the petition commencing this case on July 10, 1997. On July 21, 1997, the Respondent requested that the Sheriff of the City of St. Louis issue a partial release of the garnishment. On July 28, 1997, approximately 18 days after the commencement of the bankruptcy case the Respondent received a check from the Sheriff in the amount of $255.10 representing the prepetition wages.

■■■ In Missouri, service of a garnishment summons in aid of execution of a judgment creates a perfected lien on a judgment debtors personal property including an indebtedness owed by a garnishee to the judgment debtor. *Dugan v. Missouri Neon & Plastic Advertising Company*, 472 F.2d 944, 949 (8th Cir.1973); *Howes v. Hannibal Clinic*, 165 B.R. 270 (Bankr.E.D.Mo., 1994). Therefore, prior to the commencement of this case, the Respondent had a lien upon the debt owed by the Debtor's employer to the Debtor for earned but unpaid wages. Missouri statutes and decisional law suggest further that a garnisher's status as a lien creditor continues until such time as the non-bankruptcy Court enters an order directing that the money representing the wages be paid to the judgment creditor. *See* Sections 400.9–203, 400.9–301 and 513.160, and Chapter 525, Revised Statutes of Missouri, (RSMo) 1994; Rule 90.17, Missouri Supreme Court Rules of Civil Procedure; *Field v. Milburn*, 9 Mo. 492 (1845); *In re Ford*, 29 B.R. 364 (Bankr.W.D.Mo.1983). Subject to specific court orders or particular circumstances, garnished funds are owned by a judgment debtor until the court orders the funds paid over to a judgment creditor. *Ford*, at 366.

■■■ The record in this matter has not established that, prior to the commencement of this case, a final order determining the amount to be paid and directing the Sheriff to make the payment, had been entered such that the Debtor here no longer had an interest in the wages withheld pursuant to the garnishment proceedings. Similarly, nothing in this record suggests that the return date associated with the writ of garnishment was prior to the commencement of this case.

Therefore, the Court finds and concludes that as of the commencement of this case, the Debtor had an interest in the earned but unpaid wages that were being held pursuant to the Respondent's garnishment. The Debtor's prepetition interest was subject to the Respondent's judicial lien. Pursuant to 11 U.S.C. § 541, the Debtor's prepetition interest became property of the Bankruptcy estate upon commencement of the case.

Under 11 U.S.C. § 522(b), a debtor may exempt certain property from property of the estate. The Debtor here has specifically claimed an exemption in prepetition wage withholdings pursuant to Section 513.440, R.S.Mo. No timely objection was filed, and the claim of exemption has been allowed. 11 U.S.C. § 522; Rule 4003, Federal Rules of Bankruptcy Procedure.

■■■ The lien created by service of a summons and writ of garnishment in these circumstances is a judicial lien. 11 U.S.C. § 101(36). Under Section 522(f), a debtor may avoid the fixing of a judicial lien to the extent that such lien impairs a debtor's ability to claim an allowed exemption. The Court finds and concludes further that the Respondent's judicial lien is impairing the Debtor's ability to use the wages that are held by the Sheriff under the garnishment proceeding. On September 26, 1997, the Chapter 7 Trustee abandoned all property of the estate as being burdensome or of inconsequential value. Therefore, under Section 522(f), the Debtor may avoid the Respondent's judicial lien on his prepetition wages. Under Section 542, the Debtor may then compel turnover of the wages from the Sheriff. However, notwithstanding the operation of the automatic stay of 11 U.S.C. § 362, the wages were paid to the Respondent after the commencement of this case. Therefore, the Debtor is entitled to an order directed to the Respondent compelling turnover of the money representing the prepetition wages.

■■■ The Respondent has argued further that the Debtor is barred from recovering this money because the amount is less than $600.00. Under 11 U.S.C. § 547(c)(8), a trustee may not avoid a transfer under Section 547 if the aggregate value of all property

that constitutes or is affected by such transfer is less than $600.00. The argument must fail for at least two reasons. First, the Debtor is not attempting to avoid a transfer under Section 547. The limitation on a trustee's avoidance powers applies to actions to avoid preferential transfers under Section 547. Second, an action under Section 547 is intended to recover property for the benefit of creditors of the Bankruptcy estate. The Debtor here is attempting to recover property so that he may realize the full benefit of the exemptions that are allowed to him personally under the Bankruptcy Code. The limitation of Section 547(c)(8) does not extend to an individual debtor in an action to compel turnover of exempt property under Section 542. It is clear from a reading of Section 542(a) that the exception for property that is of inconsequential value or benefit to the estate applies only to the circumstances where an entity is required to deliver property *to the trustee.* The matter being considered here concerns delivery of exempt property to the Debtor.

**IT IS ORDERED** that this matter is concluded; and that the Debtor's motion is granted; and that the judicial lien of Beneficial Missouri, Inc. on certain prepetition wages of the Debtor is set aside; and

That the Respondent's objections in this matter are overruled; and that the Debtor's motion to compel Respondent to turn over to Debtor, by way of Debtor's Counsel, the sum of $255.10 is granted; and that the Respondent is to turn over said money to Debtor, by way of Debtor's Counsel, not later than *December 12, 1997.*