**In re George Monroe BENSEN, Debtor.**

No. 00–60535–7.

United States Bankruptcy Court, N.D. Texas, San Angelo Division.

May 17, 2001.

Charlie V. Gamblin, Brownwood, TX, for debtor.

Ben A. Culpepper, San Antonio, TX, for J.D.C. Recovery, Inc.

### MEMORANDUM OPINION

ROBERT L. JONES, Bankruptcy Judge.

A consolidated hearing was held on March 2, 2001, on J.D.C. Recovery, Inc.'s (JDC's) objection to George Monroe Bensen's (Bensen's) claim of exemption to funds in an account at First America Bank, S.S.B., and Bensen's motion, under § 522(f) of the Bankruptcy Code, to avoid JDC's purported lien against the funds in the account arising from service of a writ of garnishment on the bank. After hearing, the parties submitted briefs on the issues presented.

This court has jurisdiction of this matter under 28 U.S.C. §§ 1334 and 157(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2). This memorandum opinion contains the court's findings of fact and conclusions of law. FED.R.BANKR.P. 7052 and FED.R.BANKR.P. 9014.

#### Facts and Contentions of the Parties

The facts in this case are simple and undisputed. In 1991, Federated Southwest Company obtained a default judgment against Bensen in Cause No. 91–07–444 in the 35th Judicial District Court of Brown County, Texas. JDC, as assignee of the claim, sought to enforce the judgment through a writ of garnishment. JDC filed an application for a writ of garnishment with the 35th Judicial District Court of Brown County, Texas on October 19, 2000. On October 20, 2000, JDC caused the writ of garnishment to be served on the First America Bank, S.S.B. (the Bank). On such date, Bensen had funds on deposit in a checking account with the Bank totaling approximately $8,414.00. Before the Bank answered the writ of garnishment, Bensen, on November 6, 2000, filed for relief under Chapter 7 of the Bankruptcy Code.[1] Bensen claimed the account as exempt under § 522(d)(5) of the Bankruptcy Code.

JDC makes two basic arguments, which are conceptually inconsistent. First, by its objection to Bensen's claim of exemption, JDC contends that it caused a writ of garnishment to be served on the Bank thereby creating a valid lien against the account in favor of JDC; that such lien is inviolate because it was served prior to Bensen's bankruptcy filing. Second, in direct response to Bensen's motion to avoid JDC's purported lien, JDC contends that Bensen's failure to replevy the funds prior to the bankruptcy filing caused title to the funds to vest in JDC. Presumably, by this theory, JDC argues its lien and ownership interests merge. Bensen therefore has no interest in the funds, and there is no longer any lien to avoid.

As an alternative argument to Bensen's motion to avoid lien, JDC contends that § 522(f)(2)(C)—which states "[t]his paragraph shall not apply ... to a judgment

---

**1.** The writ of garnishment stated the Bank should file an answer before the expiration of twenty days from the service of the writ.

arising out of a mortgage foreclosure"—prevents Bensen from avoiding the lien because the underlying judgment has its genesis in a mortgage foreclosure.

Bensen contends that service of the writ of garnishment creates, at best, a judicial lien in favor of JDC that is subject to avoidance under § 522(f) of the Bankruptcy Code. As such, the writ of garnishment is irrelevant to the question of whether the account (and the funds on deposit) is exempt.

The case trustee also responded to JDC's objection to exemption by arguing that the service of the writ of garnishment constitutes a preferential transfer within ninety days of the bankruptcy filing, subject to avoidance under § 547 of the Bankruptcy Code. Presumably, the Trustee's interest in this matter arises from a belief or understanding that the amount of funds on deposit exceeds Bensen's allowed exemption. However, the court notes that JDC admitted at hearing on the matter that the writ of garnishment attaches only to the amount of funds on deposit at the time the writ was served, such amount being $8,414.31. As there is some evidence that there is presently in excess of $9,000.00 in the account, *see* Bensen's Ex. A–1, JDC is apparently not making claim to the additional sum. There was no evidence presented that the $8,414.31 exceeds the exemption, either claimed by Bensen or allowed. It is therefore unnecessary to address the Trustee's claim. To the extent the funds exceed $8,414.31, JDC is not asserting a claim to such funds and such funds would pass to the bankruptcy estate for the Trustee's administration.

To resolve the issues presented, the court will examine the nature of a garnishment action under Texas state law, the effect an intervening bankruptcy filing has on a pending garnishment action, and whether a writ of garnishment creates a lien subject to avoidance under § 522(f) of the Bankruptcy Code. The court will also address JDC's claim that Bensen's motion to avoid lien is precluded by § 522(f)(2)(C).

*Garnishment under Texas Law*

"Garnishment·is a statutory proceeding whereby the property, money, or credits of a debtor in the possession of another are applied to the payment of the debt." [2] *Bank One v. Sunbelt Sav.*, 824 S.W.2d 557, 558 (Tex.1992); *see* TEX.CIV. PRAC. & REM.CODE § 63.001; TEX.R.CIV.P. 661. "The burden is on the person claiming the benefit of the statute to establish his right to recover." *In re Olivas*, 129 B.R. 122, 124 (Bankr.W.D.Tex.1991); *Downs v. Cason*, 250 S.W. 471, 472 (Tex. Civ.App.—San Antonio 1923, no writ). "The judgment against the garnishee should be in the amount of the indebtedness shown at trial to have been absolutely owed in an amount certain at the time the garnishee is served." *See Olivas*, 129 B.R. at 124; *U.S. v. Wakefield*, 572 S.W.2d 569, 571 (Tex.Civ.App.—Fort Worth 1978, writ dism'd). The central issue in a garnishment action is whether the garnishee was indebted to the judgment debtor or had in its possession effects belonging to him at the time of the service of the writ and the

---

**2.** Section 63.001 of the Texas Civil Practice and Remedies Code provides that a writ of garnishment is available if (1) an original attachment has been issued; (2) a plaintiff sues for a debt and makes as affidavit stating that: (A) the debt is just, due, and unpaid; (B) within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the debt; and (C) the garnishment is not sought to injure the defendant or the garnishee; or (3) a plaintiff has a valid, subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment. TEX.CIV. PRAC. & REM.CODE § 63.001.

filing of the answer. *See Olivas*, 129 B.R. at 124; *Chandler v. Cashway Building Materials, Inc.*, 584 S.W.2d 950, 953 (Tex. Civ.App.—El Paso 1979, no writ) (emphasis added).

■ A writ of garnishment, upon its service, is operative in personam as against the garnishee and is operative in rem upon property of a judgment debtor in the hands of the garnishee. *See Olivas*, 129 B.R. at 124; *Citizens Nat. Bank in Ennis v. Hart*, 321 S.W.2d 319, 320 (Tex. Civ.App.—Fort Worth 1959, writ ref'd); *see also* Tex.R.Civ.P. 668. A lien created by the service of a writ of garnishment creates a lien on property subject to such writ from the date of service of the writ. *See Olivas*, 129 B.R. at 124; *In the Matter of Latham*, 823 F.2d 108, 110 (5th Cir. 1987) ("According to Texas case law, a garnishment lien attaches from the date of service of the summons"); *In the Matter of T.B. Westex Foods, Inc.*, 950 F.2d 1187, 1192 (5th Cir.1992); *U.S. v. Standard Brass & Mfg. Co.*, 266 S.W.2d 407, 408 (Tex.Civ.App.—Beaumont 1954, no writ) (emphasis added). Additionally, a writ of garnishment not only impounds funds in the hands of a garnishee when the writ is served but also such funds belonging to the debtor up to and including the day the garnishee is to answer. *See Olivas*, 129 B.R. at 124–125; *Rome Industries, Inc. v. Intsel Southwest*, 683 S.W.2d 777, 779 (Tex.App.—Houston [14th Dist.] 1984, writ ref. n.r.e.); *First National Bank in Dallas v. Banco Longoria, S.A.*, 356 S.W.2d 192, 196 (Tex.Civ.App.—San Antonio 1962, writ ref. n.r.e.). A garnishor's rights are determined by priority in time, itself determined by the date of service of the writ of garnishment. *See Olivas*, 129 B.R. at 125;

*Small Business Inv. Co. of Houston v. Champion Intern. Corp.*, 619 S.W.2d 28, 30 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ). Finally, and noting Chapter 63 of the Texas Civil Practice and Remedies Code, "after service of a writ of garnishment, the garnishee may not deliver any effects or pay any debt to the defendant." Tex.Civ.Prac. & Rem.Code § 63.003.

■ The defendant shall be served in any manner prescribed for service of citation or as provided in Rule 21 a with a copy of the writ of garnishment, the application, accompanying affidavits and orders of the court as soon as practicable following the service of the writ. Tex.R.Civ.P. 663a.[3] At any time before judgment, the defendant may replevy the garnished property by posting a sufficient bond, as provided by statute. Tex.R.Civ.P. 664. Additionally, a defendant whose property or account has been garnished may seek to vacate, dissolve, or modify the writ of garnishment for any grounds or cause. Tex. R.Civ.P. 664a. The garnishee is required to answer and shall state, "what, if anything, the garnishee is indebted." *Burkitt v. Glenney*, 371 S.W.2d 412, 414 (Tex.Civ. App.—Houston [1st Dist.] 1963, writ ref'd n.r.e.); Tex.R.Civ.P. 665. Failure to answer at or before the time indicated on the writ may result in a default judgment for the plaintiff.[4] Tex.R.Civ.P. 667. However, a garnishee may answer after the time specified in the writ has passed if a default judgment has not yet been entered. *See id.* If the answer reveals the garnishee is indebted to the defendant, than judgment will be rendered for the garnishor against the garnishee for the amount admitted, sufficient to satisfy the underlying judgment. Tex.R.Civ.P. 668. Generally, exe-

---

3. The rule also requires a notice be "prominently displayed" on the face of the copy of the writ. The required language is recited in Rule 663a. *See* Tex.R.Civ.P. 663a.

4. The date for answer will be specified in the writ.

cution on a judgment against the garnishee occurs in the same manner and under the same conditions as in other cases. *See id.* Upon entry of such judgment, the court shall render a decree directing the garnishee to deliver the effects. Tex.R.Civ.P. 669.

### Effect of Bankruptcy Filing on a Pending Writ of Garnishment in Texas

Most creditor actions against a debtor are immediately and automatically stayed upon the filing of a bankruptcy petition and no court order is required. 11 U.S.C. § 362. The automatic stay acts as a blanket injunction and prevents creditors from attempting to collect any pre-bankruptcy claim or from enforcing any pre-bankruptcy judgment (i.e.—creditors may not levy upon the debtor's assets, demand payment, or use any other enforcement procedure to satisfy a judgment). 11 U.S.C. § 362(a); *Southern County Mutual Ins. Co. v. Powell,* 736 S.W.2d 745, 747 (Tex.App.—Houston [14th Dist.] 1987, no writ). For the duration of the stay, creditors are also barred from creating, perfecting or enforcing liens against the property of the bankruptcy estate. 11 U.S.C. § 362(a)(4).

In *Baytown State Bank v. Nimmons,* 904 S.W.2d 902 (Tex.App.—Houston [1st Dist.] 1995, no writ), a bank filed a bill of review seeking to set aside a garnishment judgment against a Chapter 7 debtor's bank deposits. The facts were largely uncontested. In November of 1991, the creditor obtained a judgment against the debtor and, subsequently, in April of 1992, filed an application for a writ of garnishment naming the bank as garnishee. *Id.* at 904. The bank answered, admitted it was indebted to the debtor and a judgment was

entered allowing the creditor to recover the amount of his judgment from the bank. *Id.* at 904. Two weeks after the judgment was signed, the debtor filed for bankruptcy under Chapter 7 of the Bankruptcy Code. *Id.* at 904. The bank argued that the debtor's bankruptcy filing deprived the trial court of jurisdiction to enforce the judgment in garnishment, and automatically stayed the creditor's attempts to enforce the judgment in garnishment. *Id.* at 905. The *Baytown* court pointed out that a bankruptcy filing stays enforcement of any judgment against the debtor or the debtor's property and deprives state courts of jurisdiction until the stay is lifted. *Id.* at 905, *citing* 11 U.S.C. § 362(a)(2).[5] The court summarized the law in Texas on garnishment proceedings, explaining that the "only real issue in a garnishment action is whether the garnishee is indebted to the judgment debtor, or has in its possession effects belonging to the debtor, at the time of service of the writ on the garnishee, and at the time the garnishee files its answer." *Id.* at 905–906. "Funds placed with a bank become general deposits which create a debtor-creditor relationship between the bank and the depositor." *Id.* at 905–906 *citing Bank One, Texas, N.A. v. Sunbelt Sav., F.S.B.,* 824 S.W.2d 557, 558 (Tex.1992). With respect to the effect a bankruptcy filing has on a pending writ of garnishment or other judicial proceeding the court noted:

> When an action is for garnishment of funds to satisfy a prior judgment against a debtor, the action is considered to be "against the debtor" and is stayed by bankruptcy proceedings of the debtor. *Owen Elec. Supply, Inc. v. Brite Day Const., Inc.,* 821 S.W.2d 283, 287 (Tex. App.—Houston [1st Dist.] 1991, writ denied); *American Precision Vibrator Co.*

---

**5.** The record in *Baytown* indicated that the automatic stay was never lifted or modified by the bankruptcy court. *See Baytown,* 904 S.W.2d at 905.

v. *National Air Vibrator Co.,* 771 S.W.2d 562, 563 (Tex.App.—Houston [1st Dist.] 1989, no writ). As a garnishee, the bank in effect holds the debtor's property as an officer or receiver for the court. *Intercontinental Terminals Co. v. Hollywood Marine, Inc.,* 630 S.W.2d 861, 863 (Tex.App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.). Service of the writ of garnishment creates a lien on the judgment debtor's property, impounding the funds in the hands of the garnishee bank. *Rome Indus. Inc. v. Intsel Southwest,* 683 S.W.2d 777, 779 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

*Id.* at 906.[6]

The creditor in *Baytown,* citing a Colorado bankruptcy court opinion[7] as support, argued that "under Colorado law, the garnishment is final and conclusive at the moment the order is entered; once the court orders disbursement to the judgment creditor, the debtor's ownership rights in the property terminate." *Id.* at 906. The *Baytown* court rejected this argument by distinguishing the Colorado and Texas statutes and finding that a judgment in garnishment in Texas, like any other judgment, is not self-executing. *Id.* at 906. The court stated:

> In general, judgments "shall be enforced by execution or other appropriate process." Tex.R.Civ.P. 621. The Texas Rules of Civil Procedure provide that in garnishment actions "execution shall issue thereon in the same manner and under the same conditions as is or may

be provided for the issuance of execution in other cases." Tex.R.Civ.P. 668. The rule governing execution expressly provides that execution shall issue "after the expiration of thirty (30) days from the time a final judgment is signed," or if a motion for new trial is timely filed, then thirty days after the motion is overruled by signed order or by operation of law. In other words, the execution may issue after the judgment becomes final. Tex.R.Civ.P. 627. The Colorado rules contain no similar provision. In Texas, ownership of property subject to a judgment does not transfer until a writ of execution is issued and levied. Tex.R.Civ.P. 622, 629, 637–43.

*Id.* at 906–907.

The court ultimately held that the debtor's Chapter 7 bankruptcy filing deprived the trial court of jurisdiction to enforce the judgment in garnishment, and automatically stayed the creditors' right to enforce the judgment in garnishment. *Id.* At 907.

### *Lien Avoidance Pursuant to 11 U.S.C. § 522(f)*

When a debtor files a bankruptcy petition, all of the debtor's legal and equitable interests in property, with some exceptions, become property of the estate. 11 U.S.C. § 541(a). An individual debtor may exempt from property of the estate certain types and amounts of property provided for under a list of either federal exemptions or a list of state exemptions, unless the state law of the debtor restricts the debtor to the state list. 11 U.S.C. § 522(b). A valid lien or security

---

**6.** The creditor in *Baytown* attempted to distinguish the holding in *Owen* by focusing on the fact that in *Owen* the bankruptcy filing was made after the application for the writ of garnishment was filed but before the judgment against the garnishee was entered whereas in the *Baytown* case the bankruptcy filing came after the judgment. *Id.* at 905. The *Baytown* court rejected this argument

and stated "this is a distinction without a difference. In the present case, the bankruptcy court filing was made before the judgment against the garnishee even became final." *Id.* at 906.

**7.** *In re Seay,* 97 B.R. 41, 45 (Bankr.D.Colo. 1989).

interest on exempt property securing a prepetition debt remains enforceable unless the lien is void or is avoided pursuant to one of a number of avoidance provisions in the Bankruptcy Code. 11 U.S.C. § 522(c). One such provision is § 522(f)(1)(A) which provides:

(f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(A) a judicial lien ...

For a debtor to avoid a judicial lien on exempt property as impairing an exemption, the debtor must show: (1) the lien is a judicial lien; (2) the lien is fixed against an interest of the debtor in property; (3) and the lien impairs an exemption to which the debtor would otherwise be entitled. *In the Matter of Henderson,* 18 F.3d 1305 (5th Cir.1994); *In re Inman,* 131 B.R. 789, 791 (Bankr.N.D.Tex.1991); 11 U.S.C. § 522(f)(1). A debtor may avoid a judicial lien when the judicial lien "fastens liability to and impairs the debtor's exempt property." *In the Matter of Henderson* at 1305. "Generally, judicial liens can be avoided by a debtor in bankruptcy as a matter of course." *In re Levi,* 183 B.R. 468, 472 (Bankr.N.D.Tex.1995).

### (1) Does a writ of garnishment create a judicial lien?

■ Federal law, not state law, determines whether a lien is a "judicial lien" for purposes of § 522(f). *Id.* at 471. The Bankruptcy Code defines "judicial lien" as "a lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." *Id.* at 471; 11 U.S.C. § 101(36). It is well established that a

writ of garnishment constitutes a judicial lien for purposes of the lien avoidance provisions of § 522(f). *In re Thomas,* 215 B.R. 873 (Bankr.E.D.Mo.1997) (Lien created by service of summons and writ of garnishment was "judicial lien," which Chapter 7 debtor could avoid as impairing exemption to which he would otherwise have been entitled in wages); *In re Buzzell,* 56 B.R. 197, 198 (Bankr.D.Md.1986) (A wage garnishment may be both a preferential transfer and a judicial lien); *In re Vasquez,* 205 B.R. 136 (Bankr.N.D.Ill.1997) (Chapter 7 debtor could avoid creditor's wage deduction lien, given that lien was judicial lien, debtor had claimed funds held by employer as exempt, lien impaired exemption, and debtor still had interest in property); *In re Page,* 171 B.R. 349 (Bankr.W.D.Wis.1994) (Garnishment lien is judicial lien, avoidable if impairing exemption).

### (2) Is the lien fixed against the debtor's property?

■ As previously noted, under Texas case law a writ of garnishment is fixed and perfected on the date the writ is served on the garnishee. *See Olivas,* 129 B.R. at 124; *In the Matter of Latham,* 823 F.2d 108, 110 (5th Cir.1987); *In the Matter of T.B. Westex Foods, Inc.,* 950 F.2d 1187, 1192 (5th Cir.1992). However, is the lien "fixed against an interest of the debtor in property," as required by the second prong under the *Henderson* three-part test? *See In the Matter of Henderson,* 18 F.3d at 1305; 11 U.S.C. § 522(f)(1). Stated another way: Does the debtor retain an interest in the funds on deposit once the funds have been "impounded" pursuant to a properly served writ of garnishment or does the title to those funds pass to the garnishor? The case law in Texas, as well as in the Fifth Circuit, is sparse on this

debate.[8] Notwithstanding, one bankruptcy court in the Southern District of Texas has addressed the issue. *See In re Moran*, 112 B.R. 197 (Bankr.S.D.Texas 1989).

In *Moran*, a former Chapter 7 debtor sought to hold a creditor in contempt for continuing a garnishment proceeding post-discharge. *Id.* at 197. The creditor had obtained a judgment in a Texas state court on October 29, 1986. *Id.* at 198. On January 16, 1987, the creditor caused a writ of garnishment to be served on the garnishee. *Id.* at 198. The garnishee answered on February 6, 1987, and denied holding any property of the defendant. *Id.* at 198. No judgment was rendered by the Texas state court on the writ of garnishment. *Id.* at 198. Moran filed bankruptcy on February 10, 1987. *Id.* at 198. The debtor received his discharge on June 8, 1987, and the bankruptcy case was closed on July 29, 1987. *Id.* at 198. However, after the debtor received his discharge, the garnishee withheld money owing to the debtor because the garnishment proceeding was retained by the Texas state court during the pendency of the bankruptcy proceeding. *Id.* at 198. The debtor argued the creditor violated the automatic stay and should be forced to withdraw the garnishment action and pay punitive damages. *Id.* at 198. The creditor contended that "what began as a garnishment action is now a personal liability suit against the garnishee, and not against the debtor." *Id.* at 198. The creditor further contended that it had a right to pursue an *in rem* action on the garnishment on the theory it held a valid, perfected judicial lien which survived the bankruptcy because the debtor failed to avoid the lien. *Id.* at 198.

The *Moran* court found that the "garnishment action is a process of executing on a previously rendered judgment or debt, and it does not create a separate right against the garnishee until an order of garnishment has been rendered." *Id.* at 198. The court found that since the creditor did not attempt to enforce the garnishment during the pendency of the bankruptcy, there was no violation of the automatic stay. *Id.* at 199. The court also determined that the underlying claim supporting the writ of garnishment had been discharged. *Id.* at 199. Commenting on the garnishment action and the effect thereof, the court reasoned:

> The purpose of a "Writ of Garnishment" is to notify the garnishee when and where he is required to answer interrogatories propounded and to impound assets and property of debtor in the hands of a third person.... It is clear that the garnishment process, like any other cause of action, is not complete until an order is entered which, in a garnishment

---

8. There is, however, a significant body of case law in other jurisdictions on this point. Unfortunately, resolution of this issue depends upon interpretation of each individual state's law and, thus, case law from other jurisdictions is not particularly helpful. Notwithstanding, several jurisdictions hold that title to personal property subject to garnishment liens is transferred *only* upon a final court order for payment to the creditor following certain proceedings after the initial institution of garnishment proceedings which has resulted in the following courts holding that 11 U.S.C. § 522(f)(1) may be invoked to avoid such liens at any time prior to the issuance of such final order, since the debtor, prior to that point, retains a sufficient interest in the property to sustain a lien avoidance under § 522(f)(1). *In re Rianna*, 61 B.R. 924 (Bankr.D.R.I.1986); *In re Nunally*, 103 B.R. 376 (Bankr.D.R.I.1989); *In re Buzzell*, 56 B.R. 197 (Bankr.D.Md.1986); *In re Christie*, 218 B.R. 27, 47 (Bankr.D.N.J.1998), *order vacated on other grounds on motion for reconsideration*, 222 B.R. 64 (Bankr.D.N.J.1998); *In re Harville*, 63 B.R. 371 (Bankr.W.D.Ky.1986); *In re Bates*, 161 B.R. 965 (Bankr.N.D.Ill. 1993); *In the Matter of Yetter*, 112 B.R. 301 (Bankr.S.D.Iowa 1990); *In re Moore*, 56 B.R. 7 (Bankr.M.D.Ala.1985).

proceeding, results in directing the denial or delivery of funds to the garnishor. *Id.* at 199 (citations omitted). Further, the court noted "it has been established for some time that a writ of garnishment, appropriates only what the garnishee may owe to the debtor-in-garnishment at the time of the issuance of the writ and then to the time of answer by the garnishee." *Id.* at 199 *citing Gause v. Cone,* 73 Tex. 239, 11 S.W. 162 (1889) and *Security National Bank v. Morgan,* 245 S.W. 455 (Tex.Civ. App.—Dallas 1923). The creditor in *Moran* caused a writ of garnishment to be served on the garnishee and, consistent with the rules governing garnishment proceedings, the garnishee answered. *Id.* at 199. The court stated, however, "there has not been adjudication of the garnishment action as that action was stayed due to the debtor having filed his bankruptcy petition." *Id.* at 199. The court determined that the action in garnishment had not been completed because of the bankruptcy filing and, therefore, the creditor "had not perfected the right to the property in question, but, by service of the writ, has only impounded any money or property held by the garnishee and has acquired a lien in favor of the creditor on any money or property held." *Id.* at 200.

Therefore, under the *Moran* holding, title to garnished property does not pass merely upon service of the writ of garnishment. The court's reasoning is consistent with Texas law which states that "service of a writ of garnishment creates a lien on property subject to such writ of garnishment from the date of service of the writ." *Palandjoglou v. United Nat. Ins. Co.,* 821 F.Supp. 1179, 1186 (S.D.Tex.1993). Further, the "writ of garnishment impounds the funds in the hands of the bank when the writ is served and also such funds belonging to the debtor up to and including the day the garnishee has to answer." *Chandler v. El Paso National Bank,* 589 S.W.2d 832, 836 (Tex.Civ.App.—El Paso, 1979). The garnishee impounds the funds and acts as a "receiver or officer of the court." *See Baytown v. Nimmons,* 904 S.W.2d at 903.

### (3) Does the lien impair Bensen's exemption?

 To satisfy the third prong of the *Henderson* analysis, Bensen must show the lien impairs an exemption to which he would otherwise be entitled. *See In the Matter of Henderson,* 18 F.3d at 1305; 11 U.S.C. § 522(f)(1). "Whether a judicial lien impairs a debtor's exemption under § 522(f) is a question of federal law." *See In the Matter of Henderson,* 18 F.3d at 1309. The court need not engage in an exhaustive analysis to resolve this element, however. Apart from JDC's argument that title to the funds in the account passed to JDC prior to Bensen's bankruptcy filing, no question has been raised concerning Bensen's right to claim the funds in the account as exempt property.[9] As the court rejects JDC's passage of title argument, it cannot be disputed that the writ of garnishment, as a judicial lien, impairs Bensen's exemption. The Fifth Circuit has construed the concept of impairment very broadly. *In the Matter of Henderson* at 1310 ("impairs" includes not just legal impairment but also means "weakens, makes worse, lessens in power, diminishes, and affects in an injurious manner"). If not avoided, the judicial lien would eliminate Bensen's exemption.

### Effect of § 522(f)(2)(C) on Bensen's Motion

██ JDC argues in the alternative that the garnishment action arises ultimately

---

9. As previously noted, Bensen's claim of exemption is made under § 522(d)(5) which allows a debtor to exempt any property, not exceeding in value $850 plus up to $8,075 of any unused exemption provided under paragraph (1) of § 522(d).

out of a mortgage foreclosure and, therefore, § 522(f)(2)(C) precludes Bensen from avoiding the lien. The (2)(C) provision of subsection 522(f) states: "This paragraph shall not apply with respect to a judgment arising out of a mortgage foreclosure." The (f)(2) provision of § 522 sets forth a mathematical formula for determining the extent of impairment.[10] It is the opinion of this court that the language of the statute, "This paragraph shall not apply . . . ," refers only to § 522(f)(2) and not, as JDC argues, to the entirety of subsection (f), which provides for the avoidance of certain liens (including, as here, judicial liens, along with non-purchase money liens against household goods and tools of the trade) by a debtor to the extent they impair exempt property. JDC cited no case law to indicate otherwise. The court notes that when other provisions of § 522 refer to a subsection, it refers to the entirety of the subsection, which is the first major category under the section. For example, § 522(b)(1) specifically refers to "subsection (d) of this section," that being all of subsection 522(d). Section 522(b)(1) also refers to "paragraph (2)(A) of this subsection," which obviously refers to only *paragraph* (2)(A) of subsection (d) of § 522.

The reference in § 522(f)(2)(C) to "[t]his paragraph" is not entirely consistent with other provisions of § 522, however. Taken literally, it illogically refers back to itself. In addition, § 522(f)(2)(B) refers to the calculation under "subparagraph (A)."

This clearly refers to the (f)(2)(A) provision of § 522. But this relegates (2)(A) of § 522(f) to a subparagraph, unlike *paragraph* (2)(A) of § 522(d). Despite this seeming inconsistency, it is apparent that under § 522 all references to a subsection specifically refer to the first major category under the section. *See generally* § 522. Accordingly, the court concludes the reference to "[t]his paragraph" in § 522(f)(2)(C) is, at most, a reference to § 522(f)(2) which incorporates the mathematical formula for determining the extent of impairment. It does not preclude application of all of subsection (f) of § 522 if there is a "judgment arising out of a mortgage foreclosure."

Even if § 522(f)(2)(C) were construed to preclude an avoidance action under § 522(f) if the lien in question is somehow derived from a "judgment arising out of a mortgage foreclosure," JDC has not convinced this court that its lien arises out of a mortgage foreclosure. While the original petition filed in state court upon which JDC bases its claim seeks a judgment on a note in the amount of $4,519.94, plus attorney's fees and costs, and, in addition, requests foreclosure of security interests, the judgment entered is a default judgment awarding the sum of $5,858.05, plus attorney's fees and costs. JDC's Ex. 1 and Ex. 2. No mention is made, and no evidence was presented, regarding a mortgage foreclosure. This assumes a "mortgage foreclosure" can mean a foreclosure of both personal property and real property.[11]

---

**10.** Section 522(f)(2) provides:

(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
(i) the lien;
(ii) all other liens on the property; and
(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
exceeds the value that the debtor's interest in the property would have in the absence of any liens.

(B) In the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to the other liens.
(C) This paragraph shall not apply with respect to a judgment arising out of a mortgage foreclosure.

**11.** Some may argue that a mortgage may be restricted to a real property security interest. *See, e.g.,* BLACK'S LAW DICTIONARY 1026–1027 (7th ed.1999) (definition of mortgage to in-

JDC's application for writ of garnishment recites the judgment of $5,858.05, plus attorney's fees of $2,500.00, and states that there are no "credits or offsets." JDC's Ex. 4. The note sued upon may have been secured by personal property owned by Bensen, but the court cannot conclude that this fact alone warrants a finding that the judicial lien arises out of a mortgage foreclosure as contemplated by § 522(f)(2)(C).

## Conclusion

Bensen's motion to avoid lien will be granted. A writ of garnishment is a judicial lien for purposes of lien avoidance under § 522(f). *See In re Thomas*, 215 B.R. 873 (Bankr.E.D.Mo.1997); *In re Buzzell*, 56 B.R. 197, 198 (Bankr.D.Md.1986); *In re Vasquez*, 205 B.R. 136 (Bankr. N.D.Ill.1997); *In re Page*, 171 B.R. 349 (Bankr.W.D.Wis.1994). Moreover, the judicial lien here was fixed and perfected on the date the writ of garnishment was served on the garnishee bank.[12] *See Olivas*, 129 B.R. at 124; *In the Matter of Latham*, 823 F.2d 108, 110 (5th Cir.1987); *In the Matter of T.B. Westex Foods, Inc.*, 950 F.2d 1187, 1192 (5th Cir.1992). It was fixed "against property of the debtor," being the funds held by the garnishee bank in Bensen's checking account. Bensen retained an interest in the property as the funds were merely "impounded" by the garnishee bank. *See Baytown v. Nimmons*, 904 S.W.2d at 903. The garnishee bank acted only as a receiver for the court.

*See id.* Status as a garnishee empowers the garnishee to impound the property and "not deliver any effects or pay any debt to the defendant." *See* TEX.CIV.PRAC. & REM. CODE § 63.003.

As in *In re Moran*, the garnishment action was not completed prior to the bankruptcy filing, and, therefore, JDC "had not perfected the right to the property in question, but, by service of the writ, has only impounded any money or property held by the garnishee and has acquired a lien in favor of the creditor on any money or property held." *Id.* at 200. No order or judgment has been entered by the garnishment court directing the garnishee to deliver the effects.[13] Indeed, the Bank, as of the date of the bankruptcy filing, had not yet filed an answer to the writ.[14] Title to the funds on deposit had not passed to JDC. The judicial lien impairs a valid exemption claimed by Bensen. The court denies JDC's objection to exemption. The court will prepare an appropriate order.

---

clude "any real-property security transaction").

**12.** October 20, 2000.

**13.** TEX.R.CIV.P. 669: Judgment for Effects
Should it appear from the garnishee's answer, or otherwise, that the garnishee has in his possession, or had when the writ was served, any effects of the defendant liable to execution, including any certificates of stock in any corporation or joint stock company, the court shall render a decree ordering sale of such effects under execution in satisfaction of plaintiff's judgment and directing the garnishee to deliver them, or so much thereof as shall be necessary to satisfy plaintiff's judgment, to the proper officer for that purpose.

**14.** It is significant to note the garnishee bank was not in default for failing to timely answer the writ of garnishment. The time for answering the writ had not yet expired when Bensen filed his bankruptcy petition.